[S. F. No. 20976. In Bank. July 19, 1962.]

JOE COY, Petitioner, v. THE SUPERIOR COURT OF CONTRA COSTA COUNTY, Respondent; LOU WOLCHER et al., Real Parties in Interest.

Fred F. Cooper for Petitioner.

No appearance for Respondent.

Marcel E. Cerf, Robinson & Leland, Herbert A. Leland, Leon G. Seyranian, Silverstein, Lempres & Seyranian and Bernard Allard for Real Parties in Interest.

PETERS, J.—This is a proceeding to review by writ of mandate an order of the respondent court denying petitioner's motion to amend his complaint and also denying his several motions to require answers to certain interrogatories.

Petitioner is the plaintiff, and the real parties in interest are three of several defendants, in a pending action for damages for abuse of process. The parties will be referred to as "plaintiff," "defendants," and "the court."

Plaintiff alleged both special and general damages, and also sought punitive damages, with a total prayer of approximately $40,000. About five months before the date set for trial he sought to amend for the sole purpose of adding an allegation of damages for mental suffering in the sum of

$15,000. In addition, he served each of the defendants (prior to pretrial, but after the date for pretrial had been set) with a set of interrogatories. The interrogatories were extensive. Counting each subinterrogatory as a separate question, there were 63 addressed to Wolcher, 30 addressed to Terry, and 32 addressed to Bebich. They may be summarized as: (a) those that dealt directly with the issues involved in the cause of action, (b) those that touched upon matters related to the cause of action, and (c) those that sought information as to the assets of the respective defendants. Wolcher answered by stating that the replies to 8 interrogatories could be found in his previously taken deposition, that many were "irrelevant to the issues in this proceeding," and that 1 "refers to a privileged communication between attorney and client. . . ." He made direct answers to only 4 interrogatories, leaving several to which he neither replied nor objected, nor did he explain this failure. Terry directly answered none of the questions, stating only that answers to the first 4 could be found in his deposition, and that the "balance of the questions asked [26] are irrelevant to the issues involved in this proceeding." Bebich made definite reply to only 3 of the 32 interrogatories addressed to him, setting forth the objection that each of the remaining 29 were "Definitely immaterial, irrelevant, and outside the issues of this case." No further or other showing was made by any of the defendants. None of them saw fit to furnish this court with any deposition, in whole or in part, which may have touched upon any of the subjects involved in the interrogatories.

On receipt of the replies, plaintiff served notices of motions for orders requiring further response. Those motions were heard with the motion for an order authorizing amendment of the complaint. The trial court denied all motions.

But little attention need be given to the order denying the motion to amend. Although mandamus may be used to compel a trial court to allow an amendment of a pleading in some cases (*Souza & McCue Constr. Co.* v. *Superior Court,* 57 Cal.2d 508 [20 Cal.Rptr. 634, 370 P.2d 338]) a motion to amend of the type here involved rests largely in the discretion of the trial court. (Code Civ. Proc., § 473; *Dos Pueblos Ranch & Imp. Co.* v. *Ellis,* 8 Cal.2d 617 [67 P.2d 340]; *Greenstone* v. *Claretian Theological Seminary,* 173 Cal.App.2d 21, 35 [343 P.2d 161]; *Vick* v. *Grasser,* 169 Cal.App.2d 692 [328 P.2d 223].) The plaintiff has made no showing of an abuse of discretion. In such circumstances, mandamus will

not lie (*State Farm etc. Ins. Co.* v. *Superior Court,* 47 Cal.2d 428 [304 P.2d 13]).

In reference to the orders denying the motions for further answers to the interrogatories, if the making of those orders constituted an abuse of discretion, mandate can be a proper remedy (*West Pico Furniture Co.* v. *Superior Court,* 56 Cal.2d 407, 415 [15 Cal.Rptr. 119, 364 P.2d 295]). Contrariwise, unless the record shows such an abuse, mandamus will not lie (*idem,* at p. 415, quoting *Ryan* v. *Superior Court,* 186 Cal.App.2d 813, 816-817 [9 Cal.Rptr. 147]). In considering whether any abuse of discretion existed here, consideration must first be given to the objections raised by defendants in their replies.

As already pointed out Wolcher failed to reply or object to, or otherwise mention some of the 63 interrogatories addressed to him. Thus, as to these questions Wolcher failed to comply with the pertinent statute (Code Civ. Proc., § 2030). That section requires that the party addressed shall answer each interrogatory "separately and fully . . . within 15 days after the service of the interrogatories . . . or," state an objection in lieu of response. Wolcher neither answered nor objected within 15 days (or at all), and it does not appear that he requested or obtained an extension of that time. The hearing of the motion to require further answer was well beyond the time limitation set forth in the code section. This statutory provision, as it existed prior to its amendment, was considered by this court in the *West Pico* case, *supra.* At that time the statute required the party on whom interrogatories had been served to answer, or to serve and file separate objections within 10 days, together with a notice of motion to have his objections heard and determined. In that case, the real party in interest had followed the code provision, but in his return to the alternative writ attempted to add certain new objections which had not been included with those served and filed within the 10-day period. It was there held that (p. 414): "There is no provision for the subsequent filing of objections. When Pacific filed its objections and noticed the same for hearing, and 10 days from the date of original service had elapsed, it could not, in the absence of a showing of good cause for relief from default, file further objections. *It follows that the only grounds that existed at the time the trial court made its order, and on which it could then predicate the same, were the grounds stated in Pacific's objections as originally filed.*" (Emphasis added.) Although

the code section has been amended to alter the procedure by which objections are reviewed and determined, there still exists the requirement that the objections must be stated within a specified time limit. Where, as here, no objections of any kind have been made, the quoted and emphasized language of the *West Pico* decision is applicable. As to the interrogatories not mentioned in Wolcher's reply, there was no basis at all to justify the trial court's order refusing to compel further responses.

■ The objection interposed as the reason for not answering the bulk of the interrogatories was stated (variously by the 3 separate defendants) as irrelevancy and immateriality to the *issues* of the case. Such an objection cannot be used to deny discovery. ■ In *Greyhound Corp.* v. *Superior Court*, 56 Cal.2d 355 [15 Cal.Rptr. 90, 364 P.2d 266], it was pointed out (p. 390) that in adopting the discovery statutes the Legislature had intentionally done away with the older test of materiality to the *issues,* and had substituted therefor the test of relevancy to the *subject matter.* In the same opinion (pp. 393, et seq.) *Twin Lock, Inc.* v. *Superior Court*, 171 Cal.App.2d 236 [340 P.2d 748], was disapproved, because of its holding that the Legislature had no constitutional power to alter the test of materiality to the issues. The same rule (relevancy to the subject matter) was applied in *West Pico Furniture Co.* v. *Superior Court, supra,* 56 Cal.2d 407, at pages 416 and 421, in regard to interrogatories. Thus, these objections are without merit. ■ An order denying a motion for further answer, if predicated solely on an invalid objection, must be deemed an abuse of discretion.

■ The second objection common to the 3 defendants is that some of the interrogatories had already been answered in the respective depositions of the parties. Viewed in a vacuum, as here, such an objection is meaningless. The replies merely stated (as to a specified number of the interrogatories) that the answers might be found in certain depositions. Neither the questions asked nor answers given in such depositions were set forth. No authority was cited for the proposition that an objection might be successfully interposed to an interrogatory on the sole ground that it had been previously asked and answered in a deposition. Subdivision (b) of section 2030 of the Code of Civil Procedure provides, in part, that ''Interrogatories may be served after a deposition has been taken, and a deposition may be sought after interrogatories have been answered, but the court, *on motion of the*

*deponent or the party interrogated,* may make such protective order as justice may require." (Emphasis added.) This language expressly permits the overlapping procedures, but affords a remedy when such a request is abused. The defendants made no motion to protect their rights as required by the code section. No claim of injustice or inequity has been made. Thus, the trial court was not presented with any proper reason for denying the motion for responses to these questions. It should also be pointed out that defendants made no attempt to show the trial court (and have not attempted to show this court) why a further answer to questions previously answered on a deposition would be a greater hardship than was the procedure which they chose. As was pointed out in *Singer* v. *Superior Court,* 54 Cal.2d 318, 324 [5 Cal.Rptr. 697, 353 P.2d 305], "no rule or authority is cited which authorizes refusal to answer an interrogatory simply on the ground that the answer is known to the party seeking the information." In *Greyhound Corp.* v. *Superior Court, supra,* 56 Cal.2d 355, 373, it was pointed out that litigants have been given the statutory right to resort to both depositions and interrogatories for the purpose of pretrial discovery. In *Carlson* v. *Superior Court,* 56 Cal.2d 431 [15 Cal.Rptr. 132, 364 P.2d 308], it was held that the facts warranted the taking of a deposition subsequent to many previous depositions of the same party, even in the face of a properly presented claim that the procedures were resorted to for purposes of harassment. These cases indicate that the bare claim of previous deposition is insufficient as an objection to an interrogatory. To suffice as a valid objection such claim must be supported by some showing (or, as a minimum, some claim) that the requirement of a reply would be unjust or inequitable. (See *Kainz* v. *Anheuser-Busch, Inc.,* 15 F.R.D. 242, 249, holding that one who objects to an interrogatory on the ground that it was previously answered by deposition has the burden of showing that the second inquiry is oppressive or burdensome.) Without such claim or showing it becomes obvious that the bare objection, necessitating as it does, a hearing in the trial court (and in some cases resort to an extraordinary writ), constitutes a greater hardship on all parties (and on the courts) than would a repetitious reply. And it may not be deemed, in the absence of a showing, that the request for a reply to an interrogatory is without cause merely because the same question has been answered in a previous deposition. A deposition is not final

until read, signed and filed.[1] Until that time it may be corrected or the answers changed. Frequently, it is the practice to waive reading and signing until the time (at trial) that one party or the other decides to introduce, or otherwise use, the deposition. ▮▮▮▮ Certainly an answer in a deposition remains undetermined, or uncertain, until such time as the document is signed. As such it may be valuable as a matter of pretrial discovery. But it does not adequately serve the same purpose as an interrogatory. ▮▮▮▮ The function of the latter is twofold. It not only ferrets out relevant information which may lead to other admissible evidence, but it immediately and conclusively binds the answering party to the facts set forth in his reply. ▮▮▮▮ It follows that, since the two procedures do not have the same effect (even when they contain the same or similar questions and answers), the objection that an interrogatory has been previously answered in a deposition (not shown to have been corrected or signed), standing alone, will not suffice as an excuse for refusing to reply to that interrogatory. We must conclude that the objections last referred to could not, standing alone, sustain the order of the trial court.

▮▮▮▮ In addition to the foregoing objections on which all of the defendants relied, Wolcher replied that one interrogatory (No. 42) "refers to a privileged communication between attorney and client and is therefore irrelevant, immaterial and incompetent." Certainly, the requested interrogatory was not irrelevant or immaterial. Was it privileged? Only if it calls for (as distinct from "refers to") a privileged communication. Interrogatory No. 42 reads: "When did you first discuss Mr. Coy's obligation to you with Mr. Bebich?" It may be assumed (although we are not told) that defendant Bebich was at one time the attorney of defendant Wolcher. The question seeks to determine a date on which Wolcher first conferred with Bebich in regard to the very matter which is the gravamen of the present action. The complaint charges Wolcher with intentionally filing an improper action against plaintiff, and charges Bebich with conspiring with him for such purpose. The question does not seek to elicit any communication or conversation between the two. It simply seeks to establish the date on which the defendants

---

[1]That the depositions had not yet become final on the date of the interrogatories served herein is indicated by the inclusion of an interrogatory seeking to determine whether defendants have made any changes in their depositions.

met with Bebich, apparently for the purpose of determining when the defendants first conceived the idea of filing an allegedly improper action against plaintiff. Such date is not a matter "communicated" by the client to his attorney in the course of the professional relationship, or at all. (See *Suezaki* v. *Superior Court, ante*, p. 166 [23 Cal.Rptr. 368, 373 P.2d 432]; *Oceanside Union School Dist* v. *Superior Court, ante*, p. 180 [23 Cal.Rptr. 375, 373 P.2d 439]; *San Diego Professional Assn.* v. *Superior Court, ante*, p. 194 [23 Cal.Rptr. 384, 373 P.2d 448].) It is not a matter within the purview of the attorney-client privilege, even though it "refers" to that relationship. The objection is not one on which the court could properly predicate an order denying further answer.

In reference to all of the foregoing discussion, the real parties in interest take the position that the order of the respondent court must be sustained because the petitioner failed to sustain the burden of proving that his interrogatories merited further answer. For this proposition they rely on the *Greyhound* decision in which it was pointed out (at p. 379, fn. 6a) that the then pending amendment to section 2030 changed the burden in regard to interrogatories, and on a quotation from 36 State Bar Journal 729. ▮▮▮ The error into which petitioners have fallen is indicated by the emphasized portion of the following statement from the State Bar Journal: "The effect of this amendment is to shift to the interrogating party *the burden of obtaining a judicial determination* of the validity of the objections." Prior to the amendment, the objecting party was required to bring his objections on for hearing. In order to eliminate unnecessary court hearings, the amendment provided that he merely serve and file his objections. If the adversary is satisfied, the proceedings are at an end. If, however, under the amendment, the party seeking reply to his interrogatories desires to have a judicial determination of the propriety of the objections, he must bring the same on for hearing by means of a motion to require further answers. In that sense, only, the burden has shifted. Nothing in the language of the amendment suggests any change in the long-established procedural rule that he who asserts the affirmative of an issue has the burden of proving it. ▮▮▮ Defendants here had the burden of showing facts from which the trial court might find that the interrogatories were interposed for improper purposes. ▮▮▮ The statute does not require any showing of good cause for the serving and filing of interrogatories. Thus, the burden of showing

good cause, which the authorities mention in regard to motions for inspection and some other discovery procedures, does not exist in the case of interrogatories. It would be anomalous to hold that the mere interposing of an objection creates a burden where none existed before.

It cannot successfully be argued that because the trial court had before it the pleadings, including the previously taken depositions, it was in possession of sufficient factual data to determine the improper purpose of the interrogatories without any further showing. Such argument does not satisfy the burden of defendants in this court. When the alternative writ was issued, this court necessarily indicated that plaintiff had made a prima facie showing of abuse of discretion, or a possible abuse of discretion. Defendants have had an opportunity to make a written return to that writ. In making that return they had the opportunity to rebut the prima facie case made by plaintiff. That is their burden. In their return they claim that the interrogatories were interposed for an improper purpose. They have not included a record of one single fact to substantiate that claim other than that some of the interrogatories were answered in previous depositions. Such is not a sufficient showing to sustain the order.

The foregoing conclusions are based upon the objections served and filed by the defendants, and include no consideration of the reasons assigned by the trial court for sustaining those objections. The return to the alternative writ indicates that (at least insofar as the order sustaining the objections of Wolcher and Terry is concerned) the trial court assigned two reasons for denying the motions. These were: (1) that all of the interrogatories (and particularly those that were claimed to have been answered by deposition) were served for the purpose of "harassing, embarrassing, annoying and oppressing the defendants," and (2) that those questions which seek information about the financial status of defendants are subject to the provisions of sections 714 and 715 of the Code of Civil Procedure, "which information is not necessary for the trial of the case."

First, it should be noted that although the two assigned reasons were the sole grounds stated for denial of the motions to require further answer to *all* of the unanswered questions, they are applicable to only some of the interrogatories. While it is true that the trial court has a broad discretion in passing on an objection that there has been

harassment and oppression (*Cembrook* v. *Superior Court,* 56 Cal.2d 423, 427 [15 Cal.Rptr. 127, 364 P.2d 303]), such discretion is not absolute. As was said in *Cembrook,* such discretion does not authorize the trial court "to make blanket orders barring disclosure *in toto* when the factual situation indicates that a just and equitable order could be made that would authorize disclosure with limitations." Although *Cembrook* dealt with requests for admissions, the quoted language is equally applicable to interrogatories. It follows that the court abused its discretion in denying plaintiff's motions in their entirety on the two grounds which, at best, are applicable to only a fraction of the interrogatories.

As to those interrogatories to which the reasons assigned in the order may be applicable, the trial court was further in error. ■■■ The first ground (that the interrogatories were interposed for the purpose of harassment) can be disposed of with the statement that no such objection was made by any party to whom the interrogatories were addressed. Thus, the court had no power to consider that fact as an objection. (See quotation from the *West Pico* case, *supra.*) But we are reluctant to make that the basis of decision herein for the reason that the defendants did object on the ground that certain interrogatories had been answered in previous depositions. ■■■ The trial court may have looked at those objections as another way of stating that an interrogatory calling for an answer previously given is an interrogatory served for the sole purpose of harassment, annoyance or oppression. Looked upon in that manner, the court had a right to consider the question of harassment. But, the fact that the questions were answered in previous depositions is not a sufficient basis for a finding of harassment or annoyance, for all of the reasons which have already been set forth.

The second ground assigned by the trial court as its reasons for denying the motions (that information of financial condition of defendants is not necessary to the trial of the case) is equally untenable. A complete answer to this proposition is that defendants did not make such objection, and the trial court had jurisdiction to pass only upon the objections which were served and filed within the statutory time. However, the question raised (and briefed by the parties) will obviously be raised again, and we deem it proper to pass upon its merits at this time.

■■■ While in the ordinary action for damages information regarding the adversary's financial status is *inadmissible,*

this is not so in an action for punitive damages. In such a case evidence of defendant's financial condition is admissible at the trial for the purpose of determining the amount that it is proper to award (*Greenberg* v. *Western Turf Assn.*, 140 Cal. 357, 364 [73 P. 1050]; *Marriott* v. *Williams*, 152 Cal. 705 [93 P. 875, 125 Am.St.Rep. 87]). The relevancy of such evidence lies in the fact that punitive damages are not awarded for the purpose of rewarding the plaintiff but to punish the defendant. Obviously, the trier of fact cannot measure the "punishment" without knowledge of defendant's ability to respond to a given award. ▮ His financial condition thus is relevant to the issues, and is properly discoverable. Therefore, the court here erred seriously in holding that plaintiff must wait until after he obtains a judgment in order to obtain such information. That stated ground for denial of the motion was erroneous and an abuse of discretion, and would have been such an abuse even had defendants made it a ground for their objections to the interrogatories in the first instance, which they did not.

In an attempt to escape the logic of this reasoning, the defendant Bebich urges us to repudiate the well-established rule that evidence of defendant's financial condition is admissible in an action for punitive damages. He contends that that rule was first adopted in California in 1908, in the *Marriott* case, and that in that case this court did not examine the reasons for or against the rule but blindly accepted the rule from other jurisdictions. Such jurisdictions (he claims) have since repudiated the earlier rule, and no longer allow evidence of financial condition to be introduced. This argument is incorrect in its entirety. In the first place, the *Marriott* decision was not the first case to decide the point in California. The earlier case (*Greenberg*) decided the point and gave the reasons for the rule. Therein it was said (at p. 364) that "evidence of defendant's wealth was admissible for the purpose of graduating the amount which it was proper to award." This statement is supported by citation of an earlier decision of the California Supreme Court (*Barkly* v. *Copeland,* 74 Cal. 1 [15 P. 307, 5 Am.St.Rep. 413]). Thus, it cannot be said that this court first announced the rule without analyzing the underlying reasons therefor.

Nor has Bebich sustained his assertion that those jurisdictions on which the *Marriott* decision relied have since repudiated the rule. While it is true that the *Marriott* opinion cited only decisions from other jurisdictions, those cited were Mary-

land, Maine, Wisconsin and the federal courts. The only jurisdiction cited by Bebich as having reversed its previous stand on this question is Kentucky, a state not relied on in *Marriott*.[2] It should also be pointed out that the doctrine emanated in *Marriott* and the other cases has been followed by the various appellate courts of this state, without question, for 75 years. We are not inclined to change this well-reasoned doctrine of such long standing.

Bebich argues further that even if the matter of a single defendant's wealth is admissible, no such evidence should be allowed to go to the jury in an action where (as here) punitive damages are sought from several joint tort feasors. In support of this contention, he cites an annotation entitled "Financial Worth of One or More of Several Joint Defendants," in 63 American Law Reports 1405, and claims that the majority rule announced therein is to the effect that the financial worth of one of several joint defendants is not a proper matter for consideration by the jury in assessing punitive damages. The problem of whether California should or should not adopt such a rule is not now before us. That is a doctrine that involves the question of *admissibility* of evidence, and not a question of *relevancy*. The claimed for rule is applicable, if at all, only at such time as plaintiff offers this evidence at trial. At that time there may or may not be several joint defendants. Perhaps, if plaintiff obtains the information that he is now seeking, he will wish to waive punitive damages from one or more of the defendants. Information regarding the financial condition of each separate defendant is certainly relevant at this time, and hence is a proper subject of pretrial discovery.

It should be pointed out that we have not been presented with any order regarding the interrogatories served upon Bebich. The record as to him shows only that an order was made denying plaintiff's motion without setting forth any reasons or grounds therefor. As to Bebich, it is clear that the order constituted an abuse of discretion.

From the foregoing it follows the trial court was justified in

---

[2]The case cited by Bebich is *Givens* v. *Berkley*, 108 Ky. 236 [56 S.W. 158]. There the Kentucky court pointed out that such evidence should be excluded because the evidence of financial ability may be met with evidence of financial inability to respond to damages. Because of this fact, the court feared that the trial might degenerate into a consideration of the single issue of plaintiff's need and defendant's ability to pay. This reasoning is highly speculative. The feared hypothetical situation can easily be controlled by the trial judge at the time of trial.

denying the motion to amend, but was not justified in denying the motions for further answers to the interrogatories.

It is ordered that the alternative writ be discharged, and that a peremptory writ of mandate issue directing the trial court to vacate the orders denying the motions for further answers, and to enter orders requiring further answers.

Gibson, C. J., Traynor, J., and White, J., concurred.

Schauer, J., and McComb, J., concurred in the judgment.

The petition of the real parties in interest for a rehearing was denied August 15, 1962.