[Civ. No. 12504. Third Dist. May 5, 1970.]

JOHN BORSE, Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent;
SOUTHERN PACIFIC COMPANY, Real Party in Interest.

## COUNSEL

Perkins, Carr & Anderson and Eugene Anderson for Petitioner.

No appearance for Respondent.

Diepenbrock, Wulff & Plant and Frank Ferris for Real Party in Interest.

## OPINION

**FRIEDMAN, Acting P. J.**—In this era when calendar congestion afflicts the California court system, attorneys could avoid squabbles such as this by recognizing the difference between legitimate and illegitimate discovery and by a modicum of cooperative observance of the spirit of the discovery statutes. Had plaintiff's* attorneys utilized discovery as a tool rather than a bludgeon, they would have narrowed their excessive, oppressive and strategically motivated interrogatories. These interrogatories went far beyond plaintiff's legitimate needs and constituted a massive invasion of defendant's business affairs. Had defendant's counsel not felt put upon, they could have recognized plaintiff's legitimate need for a restricted area of discovery. As it was, plaintiff's demand was far too broad and defendant's outright rejection understandably narrow. Recourse to a reviewing court was a sequence of the trial court's failure to recognize a middle ground.

The trial court's complete denial of discovery fell squarely within the following passage from *West Pico Furniture Co.* v. *Superior Court,* 56 Cal.2d 407, 418 [15 Cal.Rptr. 119, 364 P.2d 295]: "From the facts presented here, it is clear that total rejection of the interrogatory indicates a failure by the trial court to recognize the discretionary power to grant in part and deny in part, and to balance the equities, including costs, that is [,] to balance the purpose and need for the information as against the burden which production entails . . . ."

Despite the overbreadth of plaintiff's effort, his mandate petition demonstrates an abuse of discretion by the trial court. Hence he is entitled to relief. (*Flora Crane Service, Inc.* v. *Superior Court,* 234 Cal.App.2d 767, 776 [45 Cal.Rptr. 79].)

In an F.E.L.A. action against Southern Pacific Company, the railroad raised the special defense of a release signed by plaintiff. A special trial on the release issue was ordered. According to the documents, plaintiff hopes to prove that his signature on the release was induced by the false representations of a claim adjuster. He seeks supporting evidence through a search for other claimants who might have been similarly misled. In June 1969 he submitted interrogatories requesting the names and addresses of all defendant's Sacramento shop employees involved in personal injury settlement negotiations from September 1963 to the present, as well as the name and address of each claim adjuster involved in these negotiations, also the names and addresses of other persons present during said negotiations.

---

*In this opinion we use the nomenclature of the original litigation, designating petitioner as "plaintiff" and real party in interest as "defendant."

When defendant failed to respond to these interrogatories, plaintiff moved for an order to compel answers. The trial court held that the information was not privileged and did not constitute work product, but wholly sustained an objection of burden and oppression. This mandate action followed.

Plaintiff's request for names and addresses covering all claims negotiations over a six-year period was excessive, burdensome and oppressive. (*West Pico Furniture Co.* v. *Superior Court, supra,* 56 Cal.2d at pp. 417-418.) On the other hand, unless plaintiff's attorneys were able to get some such information, although covering a narrower time span, they might be deprived of all reasonable opportunity to corroborate plaintiff's claim. ▮ Where fraud is charged, evidence of other fraudulent representations of like character by the same parties at or near the same time is admissible to prove intent. (*Atkins Corp.* v. *Tourny,* 6 Cal.2d 206, 215 [57 P.2d 480].) ▮ Reasonably limited, the names and addresses were "reasonably calculated to lead to the discovery of admissible evidence." (Code Civ. Proc., § 2016, subd. (b).) In denying discovery completely, the trial court failed to comply with the liberal discovery policies announced in *Greyhound Corp.* v. *Superior Court,* 56 Cal.2d 355 [15 Cal.Rptr. 90, 364 P.2d 266], particularly *Greyhound's* explicit demand for partial limitations on discovery rather than outright denial and its explicit direction to weigh the relative importance of the information against the hardship entailed by its production (56 Cal.2d at pp. 383-384).

Plaintiff contends that the trial court had no discretion to entertain defendant's objections to the interrogatories, those objections being tardily raised. Defense counsel filed a declaration seeking relief from the default. Plaintiff's contention has no merit. (Code Civ. Proc., § 473; *West Pico Furniture Co.* v. *Superior Court, supra,* 56 Cal.2d at p. 414.)

▮ The trial court correctly held that the requested information, consisting of names and addresses of potential witnesses, was outside the attorney-client privilege (*City & County of San Francisco* v. *Superior Court,* 161 Cal.App.2d 653, 656 [327 P.2d 195]) and not within the work product privilege (*Mack* v. *Superior Court,* 259 Cal.App.2d 7, 10 [66 Cal.Rptr. 280]).

This reviewing court is too far removed from the *locus in quo* to specify a time span limiting the discoverable information. The trial court, in consultation with the attorneys and with the aid of additional factual inquiries if necessary, is in a better position to make that determination. (Cf. *Brotsky* v. *State Bar,* 57 Cal.2d 287, 303-304 [19 Cal.Rptr. 153, 368 P.2d 697, 94 A.L.R.2d 1310].)

Let a writ of mandate issue directing the trial court to vacate its order

sustaining defendant's objection and to grant partial discovery consistent with the views expressed in this opinion. In the present proceeding, each side will bear its own costs.

Regan, J., and Bray, J.,* concurred.

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.