[Civ. No. 52763. Second Dist., Div. One. June 6, 1978.]

HENRY MAYO NEWHALL MEMORIAL HOSPITAL, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
MADELYN PICASCIA, Real Party in Interest.

## COUNSEL

Early, Maslach, Leavey & Nutt, Dryden, Harrington & Swartz and Peter Abrahams for Petitioner.

No appearance for Respondent.

Robert T. Bertholdo and Richard C. Hatzer for Real Party in Interest.

## OPINION

**HANSON, J.—**

### INTRODUCTION

The principal question posed by the within mandamus proceeding is whether or not a hospital waives the immunity from discovery provided

in Evidence Code section 1157 (hereinafter section 1157) by filing a transcript of its staff committee hearing in an unrelated administrative mandamus proceeding in which a physician, who is also a defendant in a separate medical malpractice suit, contests the hospital's decision suspending his staff privileges.

## THE CASE

Petitioner Henry Mayo Newhall Memorial Hospital (hereinafter Hospital) is a defendant in an action for professional negligence filed in the superior court[1] in which it is alleged, inter alia, that plaintiff (real party in interest) was a patient in Hospital, that Hospital and co-defendant Dr. Kim Beauchamp falsely represented that Dr. Beauchamp was competent to perform certain surgery, that plaintiff in reliance upon such representations underwent the surgery, that Dr. Beauchamp negligently performed the surgery, and that as a result plaintiff suffered injuries.

In a separate unrelated administrative mandamus action,[2] Dr. Beauchamp seeks to overturn a 120-day suspension and other sanctions for reasons entirely independent of the events that form the basis of plaintiff's (real party in interest) suit herein, imposed by Hospital in accordance with its judicial review committee's recommendation following hearing. Hospital lodged in the administrative mandamus action a full written transcript of the hearing before its judicial review committee. The plaintiff (real party in interest) in the instant proceeding (super. ct. No. C 185439) obtained a copy of the above transcript and by way of interrogatories sought to explore the accuracy of statements contained in the transcript and to obtain additional information covering other printed reports pertaining to the granting or suspension of Dr. Beauchamp's surgical and staff privileges at Hospital. Plaintiff (real party in interest) urges that there is a strong possibility that the discussion in the transcript regarding surgery by Dr. Beauchamp on a peri-rectal abscess is a reference to plaintiff's surgery.

---

[1]Madelyn Picascia v. Kim Beauchamp, M.D., William Rubinson, M.D., dba Holvey Medical Group, Holvey Medical Group, Henry Mayo Newhall Memorial Hospital, et al., Superior Court No. C 185439.

[2]Beauchamp v. Henry Mayo Newhall Memorial Hospital, Superior Court No. C 182019.

In the malpractice action (case No. C 185439) plaintiff submitted interrogatories to Hospital, one of which (interrogatory No. 30) asked Hospital to identify with sufficient certainty for a motion to produce or a subpoena duces tecum all of its records, transcripts, documents, correspondence or proceedings relating to the granting or curtailment of Dr. Beauchamp's staff or surgical privileges at Hospital. Hospital answered that "[t]hey are but not limited to the following: Surgical Privilege Card and Staff Application Folder."

In a motion to compel further answers, plaintiff asserted as to the above interrogatory (No. 30) seeking identification of Hospital's records regarding the granting or curtailing of Dr. Beauchamp's staff and surgical privileges that it was highly possible that the discussion in the transcript of the peri-rectal abscess surgery related to plaintiff's surgery but that in any event plaintiff was entitled to all such records including the letter regarding Dr. Beauchamp's hospital privileges described in the transcript.

In four other interrogatories (Nos. 38, 39, 40 and 41) plaintiff sought to determine if the attached copy of the transcript filed in Dr. Beauchamp's administrative mandamus action (case No. C 182019) was an accurate account of the proceedings, or if not, what statements were made. Hospital's answer objected as privileged insofar as the instant case was concerned. Another interrogatory (No. 42) sought to determine if the reference in the transcript to surgery by Dr. Beauchamp on a peri-rectal abscess was a reference to plaintiff's surgery. Hospital's answer also contained an objection on the ground of privilege insofar as the instant case is concerned (case No. C 185439).

As to the latter five interrogatories (Nos. 38, 39, 40, 41 and 42), plaintiff contended that the transcript had already been discovered, that the court could take judicial notice of the contents of the file in the administrative mandamus action, and that Hospital had waived the privilege, if any, provided by section 1157 when it voluntarily filed the transcript in Dr. Beauchamp's administrative mandamus action.[3]

Hospital in opposition to plaintiff's motion to compel further answers to the above enumerated interrogatories argued that plaintiff was not a

---

[3]Plaintiff in her motion also sought to compel further answers to other interrogatories. As there has been no challenge to the correctness of the trial court's ruling as to the other interrogatories, no discussion of the other interrogatories will be undertaken.

party to the administrative mandamus action (case No. C 182019) and that section 1157 prevents discovery of the information sought in all six interrogatories.

The superior court ordered Hospital to file and serve without objection further answers to the six interrogatories described above.

Thereafter Hospital filed its "Application for Stay Order Pending Determination of Writ and Petition for Writ of Mandate" with this court.

Having determined that Hospital, in asserting section 1157 as a bar to discovery, came within the narrow exception to the rule restricting review of discovery orders by prerogative writ (*Sav-On Drugs, Inc.* v. *Superior Court* (1975) 15 Cal.3d 1, 5 [123 Cal.Rptr. 283, 538 P.2d 739]), we issued an alternative writ of mandate[4] and stayed enforcement of the superior court's order pending a hearing and decision.

### DISCUSSION

*In Respect to Interrogatories No. 38, 39, 40, 41 and 42:*

The Court of Appeal in the case of *Roseville Community Hospital* v. *Superior Court* (1977) 70 Cal.App.3d 809, 813-814 [139 Cal.Rptr. 170], capsulized the legislative intent behind section 1157 as construed by *Matchett* v. *Superior Court* (1974) 40 Cal.App.3d 623 [115 Cal.Rptr. 317], and *Schulz* v. *Superior Court* (1977) 66 Cal.App.3d 440 [136 Cal.Rptr. 67], as follows:

"[S]ection 1157, in pertinent summary, gives a blanket exclusion from discovery to proceedings and records of committees of hospital medical staffs concerned with evaluation and improvement of the quality of care in the hospital. The section contains an express exception allowing discovery as to statements made by any person in attendance at a committee meeting who is a party to an action or proceeding the subject

---

[4]Subject to the restrictions set forth in *Sav-On Drugs, Inc.* v. *Superior Court, supra,* 15 Cal.3d 1, 5, and *Pacific Tel. & Tel. Co.* v. *Superior Court* (1970) 2 Cal.3d 161, 169 [84 Cal.Rptr. 718, 465 P.2d 854], mandate is an appropriate remedy to prevent improper discovery. (*Terzian* v. *Superior Court* (1970) 10 Cal.App.3d 286, 288 [88 Cal.Rptr. 806].)

matter of which was reviewed at such meeting, and also as to any person requesting hospital staff privileges.[5]

"In Matchett[6] we recognized that Evidence Code section 1157 was enacted in 1968 in apparent response to this court's decision in a 1967

[5]In a footnote at this point the court states:

"[S]ection 1157 was first enacted in 1968 and has remained the same to date, except for the addition of dental committees in a 1975 ahendment not here pertinent. The section now reads as follows in entirety:

" 'Neither the proceedings nor the records of organized committees of medical or medical-dental staffs in hospitals having the responsibility of evaluation and improvement of the quality of care rendered in the hospital or medical or dental review committees of local medical or dental societies shall be subject to discovery. Except as hereinafter provided, no person in attendance at a meeting of any such committee shall be required to testify as to what transpired thereat. The prohibition relating to discovery or testimony shall not apply to the statements made by any person in attendance at such a meeting who is a party to an action or proceeding the subject matter of which was reviewed at such meeting, or to any person requesting hospital staff privileges, or in any action against an insurance carrier alleging bad faith by the carrier in refusing to accept a settlement offer within the policy limits.

" 'The prohibitions contained in this section shall not apply to medical or dental society committees that exceed 10 percent of the membership of the society, nor to any such committee if any person serves upon the committee when his own conduct or practice is being reviewed.' "

[6]In Matchett v. Superior Court, supra, 40 Cal.App.3d 623, plaintiff filed a medical malpractice action against a hospital and a doctor on its staff seeking money damages for injuries allegedly suffered as a result of negligent treatment by the doctor and from the hospital's negligence in admitting and retaining the doctor on its staff without adequate inquiry into or controls over his competence. The trial court denied plaintiff's request for pretrial discovery of the hospital's personnel and staff files and the files of the various committees, pursuant to section 1157. The Court of Appeal in a mandate proceeding brought by plaintiff denied the writ to compel discovery of these records and held that the functions of the hospital's credentials, records, tissue and executive committees came within the specifications contained in section 1157, and the committees' records and proceedings reflecting inquiry into the doctor's qualifications were immune from discovery.

The appellate court said: "[I]n an accredited hospital, the organized medical staff is responsible to the hospital governing body for the quality of in-hospital medical care; it evaluates the qualifications of applicants and holders of staff privileges; it recommends appointment, reappointment, curtailment and exclusion from staff privileges; it provides peer group methods for reviewing basic medical, surgical and obstetrical functions. [Citations.] When medical staff committees bear delegated responsibility for the competence of staff practitioners, the quality of in-hospital medical care depends heavily upon the committee members' frankness in evaluating their associates' medical skills and their objectivity in regulating staff privileges. Although composed of volunteer professionals, these committees are affected with a strong element of public interest.

"California law recognizes this public interest by endowing the practitioner-members of hospital staff committees with a measure of immunity from damage claims arising from committee activities. (Civ. Code, § 43.7; Ascherman v. San Francisco Medical Society (1974) 39 Cal.App.3d 623 [114 Cal.Rptr. 681].) Evidence Code section 1157

case in which we sustained a malpractice plaintiff's claim to discovery of hospital staff records which might reveal information bearing upon the competence of a defendant doctor. (See *Kenney* v. *Superior Court* (1967) 255 Cal.App.2d 106 [63 Cal.Rptr. 84].) The petitioner in *Matchett* sought to achieve a judicial construction of the exclusionary clause in section 1157, relating to persons requesting hospital staff privileges, which would allow him to use pretrial discovery to obtain proceedings and records of hospital committees when both a staff doctor *and a hospital* were defendants in the malpractice action. The theory of the action as against the hospital was negligent selection or retention of the defendant doctor on its staff. We refused to so construe the statute in question and denied the writ to compel discovery of those portions of the hospital records. In so doing, we pointed out that [¶] 'The statute, then, is aimed directly at malpractice actions in which a present or former hospital staff doctor is a defendant. The statutory exception for "any person requesting hospital staff privileges" cannot be construed as plaintiff contends. To all appearances the exception was designed to set the immunity to one side and to permit discovery in suits by doctors claiming wrongful or arbitrary exclusion from hospital staff privileges.' (40 Cal.App.3d at pp. 629-630.)

---

expresses a legislative judgment that the public interest in medical staff candor extends beyond damage immunity and requires a degree of confidentiality. It was enacted in 1968 in apparent response to this court's decision in *Kenney* v. *Superior Court* (1967) 255 Cal.App.2d 106 [63 Cal.Rptr. 84]. There we sustained a malpractice plaintiff's claim to discovery of hospital staff records which might reveal information bearing upon the competence of the defendant doctor. In *Kenney* only the doctor was a defendant, not the hospital. Nevertheless, a public policy question was raised by malpractice plaintiffs' access to medical files revealing committee investigations and appraisals of their peers. Section 1157 was enacted upon the theory that external access to peer investigations conducted by staff committees stifles candor and inhibits objectivity. It evinces a legislative judgment that the quality of in-hospital medical practice will be elevated by armoring staff inquiries with a measure of confidentiality.

"This confidentiality exacts a social cost because it impairs malpractice plaintiffs' access to evidence. In a damage suit for in-hospital malpractice against doctor or hospital or both, unavailability of recorded evidence of incompetence might seriously jeopardize or even prevent the plaintiff's recovery. Section 1157 represents a legislative choice between competing public concerns. It embraces the goal of medical staff candor at the cost of impairing plaintiffs' access to evidence.

"The statute, then, is aimed directly at malpractice actions in which a present or former hospital staff doctor is a defendant. The statutory exception for 'any person requesting hospital staff privileges' cannot be construed as plaintiff contends. To all appearances the exception was designed to set the immunity to one side and to permit discovery in suits by doctors claiming wrongful or arbitrary exclusion from hospital staff privileges. (See, e.g., *Willis* v. *Santa Ana etc. Hospital Assn.* (1962) 58 Cal.2d 806 [26 Cal.Rptr. 640, 376 P.2d 568]; *Ascherman* v. *San Francisco Medical Society, supra,* 39 Cal.App.3d 623; 17 Stan.L.Rev. 900.)" (*Matchett* v. *Superior Court, supra,* 40 Cal.App.3d 623, 628-630, fns. omitted.)

"We have not changed our view of the statute as so expressed in *Matchett*. We recently reiterated essentially the same view in *Schulz*,[7] *supra*, 66 Cal.App.3d at pages 444-445, in which we also considered the exception in section 1157 allowing discovery involving 'any person in attendance at a meeting who is a party to an action or proceeding the subject matter of which was reviewed at such meeting.' In *Schulz*, the doctor had made statements to the medical advisory board of the hospital and the medical malpractice action named both the doctor and the hospital as defendants. We held this did not require the immunity from discovery to be set aside in a malpractice action because it would achieve an absurd result and render the immunity provisions of the statute sterile. (*Id.*, at p. 445.)" (Original italics.)

By reason of the foregoing we conclude that in the instant case the prohibition contained in section 1157 forecloses plaintiff from discovery

[7] The case of *Schulz* also involved a medical malpractice action against a doctor and a hospital arising out of surgery performed in the hospital by the doctor. Plaintiff sought pretrial discovery of reports to or by the medical advisory board of the hospital. The doctor refused to answer, asserting the privilege afforded by section 1157. Plaintiff moved for an order requiring production and inspection of such reports, contending that an exception in the statute, providing that statements made by any person in attendance at a staff meeting who is a party to an action or proceeding the subject matter of which was reviewed at such meeting were not immune from discovery. The trial court denied the discovery request. The Court of Appeal in a mandate proceeding denied the writ except as to those portions of the pretrial discovery motion which were directed only at hospital administration files not resulting from an investigation conducted by the advisory board, and directed the trial court to reconsider and act upon them.

The *Schulz* court said at pages 445 and 446:

"It is here asserted by petitioner that the statutory exception for 'any person in attendance at such a meeting who is a party to an action or proceeding the subject matter of which was reviewed at such meeting,' vitiates the privilege since both Woodland Memorial Hospital and Dr. Stavig are defendants in her medical malpractice action. We cannot agree that the reasoning to be applied here is any different than it was in *Matchett*. To declare that the immunity is to be set aside when either the staff doctor or the hospital are parties to the malpractice proceeding would not only achieve an absurd result, but would render sterile the immunity provisions of the statute.

". . . . . . . . . . . . . . . . . .

"The exception created in section 1157 was designed to set aside the immunity and permit discovery in suits by doctors claiming wrongful or arbitrary exclusion from hospital staff privileges. It does not apply to a malpractice proceeding in which the doctor or the hospital have been made parties; such circumstances do not open to discovery hospital staff records containing medical committee investigation reports and peer appraisals.

"In arriving at our conclusion, we have employed the rule of statutory construction that where a statute is susceptible of different constructions, one leading to mischief or absurdity and the other consistent with justice and common sense, the latter will be adopted. (*Outboard Marine Corp.* v. *Superior Court* (1975) 52 Cal.App.3d 30 [124 Cal.Rptr. 852].)"

as to interrogatories No. 38, 39, 40, 41 and 42 unless her contention that the benefits of section 1157 were waived by reason of the fact that a complete transcript of the proceedings before the Hospital's committee, including portions not directly relevant to the precise charges before that committee, were filed in Dr. Beauchamp's administrative mandamus action (case No. C 182019) can be sustained.

However, we further conclude that in the case at bench the benefits of section 1157 were not waived because to hold otherwise would (1) render hollow immunity provided in section 1157 and subvert the underlying public policy of section 1157 as articulated in *Matchett* v. *Superior Court, supra,* 40 Cal.App.3d 623,[8] and (2) undermine the legislative scheme and mechanism which affords a doctor, who has had sanctions imposed, the opportunity to seek an effective judicial review by way of a mandamus proceeding.[9]

Plaintiff in the case at bench also points to the language in Code of Civil Procedure section 1094.5 which provides that "[a]ll or part of the record" is to be filed in the administrative mandamus proceeding and argues that Hospital could have excised the portions of the transcripts containing discussions not relevant to the precise charges against Dr. Beauchamp, or, as an alternative, could have caused the transcript to be sealed. Such an argument cannot be sustained.

Neither the legislative history of section 1094.5[10] nor the nature of review and basic justice allows a procedure whereby one party to an action can excise portions of a transcript.

---

[8]See footnote 6, *ante,* at pages 632-633.

[9]It is well established that a physician must be accorded adequate notice and a reasonable opportunity to respond prior to a hospital's revocation or suspension of staff or surgical privileges (*Ascherman* v. *Saint Francis Memorial Hosp.* (1975) 45 Cal.App.3d 507 [119 Cal.Rptr. 507]), and that judicial review of the hospital's decision is had by way of administrative mandamus. (*Anton* v. *San Antonio Community Hosp.* (1977) 19 Cal.3d 802, 820 [140 Cal.Rptr. 442, 567 P.2d 1162].)

Code of Civil Procedure section 1094.5 sets forth the procedure to be followed in administrative mandamus proceedings. In pertinent part, subdivision (a) of section 1094.5 provides: "[A]ll or part of the record . . . , may be filed with the petition, may be filed with respondent's points and authorities or may be ordered to be filed by the court. . . ."

[10]The report of the Judicial Council which led to the passage of section 1094.5 clarifies the words "[a]ll or a part of the record" in section 1094.5. "[T]he proposed section of the administrative procedure act [now Gov. Code, § 11523] specifies what a complete record of the administrative proceeding consists of, but permits the petitioner to designate whatever portion of the record he chooses to submit to the court. The agency can submit

The precise issues raised by Dr. Beauchamp in his administrative mandamus action have not been described to this court. Nevertheless, in view of the fact that the superior court in such proceedings is required to exercise its independent judgment on the evidence presented before a hospital's administrative body (*Anton* v. *San Antonio Community Hosp., supra,* 19 Cal.3d 802, 825), any doctor seeking judicial review understandably may desire to have the entire transcript before the court in order to be afforded an effective judicial review. (See *Fickeisen* v. *Civil Service Com.* (1950) 98 Cal.App.2d 419 [220 P.2d 605].)

Moreover, plaintiff's contention that the transcript in the administrative mandamus action could have been sealed is also without merit. No authority is cited which establishes that a hospital has an absolute right to have the transcript sealed. If the Legislature intended to impose upon a hospital the requirement to routinely request that such transcripts be sealed it would have so provided in section 1157.

*In Respect to Interrogatory No. 30:*

■ Section 1157 applies only to records of and proceedings before medical investigative committees. Interrogatory No. 30 requests identification of the Hospital's records regarding the granting or curtailing of Dr. Beauchamp's staff and surgical privileges and appears to seek some information which well may be without the prohibition set forth in section 1157. In view of Hospital's initial answer, it is apparent that Hospital does not believe that all of its records are within the prohibition and should be answered with more particularity. Moreover, Hospital originally answered the interrogatory without objection. ■ The failure to make timely objection constitutes a waiver. (*Coy* v. *Superior Court* (1962) 58 Cal.2d 210 [23 Cal.Rptr. 393, 373 P.2d 457, 9 A.L.R.3d 678].) ■ Hospital, however, can, following identification of such records, assert the immunity in section 1157 if plaintiff does seek production of the records or documents within the scope of section 1157, provided that such assertion is timely and in proper form. The trial court

---

the rest of the record or the court can order that it be submitted under the proposed Sec. 1094.5 of the Code of Civil Procedure. . . ." (Judicial Council of Cal., 10th Biennial Rep. (1944) p. 28.)

Admittedly Government Code section 11523 has no application to Dr. Beauchamp's administrative mandamus proceeding but nevertheless the report of the Judicial Council evidences a statutory intent to coordinate the procedures in the Administrative Procedure Act with section 1094.5 of the Code of Civil Procedure and explains why the words "[a]ll or part of the record" were included in section 1094.5.

at an *in camera* hearing can ascertain what, if anything, has been the product of medical investigative committees and apply the prohibition of section 1157. (See *Matchett* v. *Superior Court, supra,* 40 Cal.App.3d 623; *Schulz* v. *Superior Court, supra,* 66 Cal.App.3d 440.)

### DISPOSITION

Let a peremptory writ of mandate issue commanding respondent court to vacate that part of the order of December 1, 1977, in Los Angeles Superior Court case No. C 185439 entitled Madelyn Picascia v. Kim Beauchamp, et al., granting the motion by real party in interest for an order compelling petitioner Henry Mayo Newhall Memorial Hospital to further answer interrogatories Nos. 38, 39, 40, 41 and 42; and thereafter enter a new and different order denying said motion as to interrogatories Nos. 38, 39, 40, 41 and 42. The petition is otherwise denied.

Lillie, Acting P. J., and Thompson, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied August 8, 1978.