[Civ. No. 19929. Third Dist. Nov. 7, 1980.]

STANLEY S. LEACH et al., Petitioners, v.
THE SUPERIOR COURT OF SHASTA COUNTY, Respondent;
JESSE MARKUM et al., Real Parties in Interest.

COUNSEL

Harrison Smith, D. D. Hughmanick, James L. Stoelker, John R. Mullen and Daniel McLoughlin for Petitioners.

No appearance for Respondent.

Lee A. Lopez for Real Parties in Interest.

OPINION

**PUGLIA, P. J.**—Petitioners are defendants in a quiet title action pending in the respondent superior court. By this application for a writ of mandate, they seek review of the trial court's order denying their mo-

tion to compel responses to interrogatories and for sanctions. Real parties in interest are plaintiffs in the trial court action. For ease of identification, the parties to this proceeding will be referred to hereinafter by their designations in the trial court.

On May 1, 1980, the underlying action was set for trial in superior court October 2, 1980. The pretrial conference order provides that discovery will remain open until 30 days prior to trial.

On June 3, 1980, within the time limits set by the pretrial order, defendants served plaintiffs with interrogatories. Plaintiffs did not answer or object to the interrogatories within the time permitted by statute (Code Civ. Proc., § 2030, subd. (a)), nor did they seek or receive an extension of time within which to respond. After expiration of the time for answers or objections, defendants' counsel advised counsel for plaintiffs by letter dated July 9, 1980, that a motion to compel answers would be filed in the event that none were received within five days thereafter. Plaintiffs again failed to respond and defendants filed their motion to compel answers and for sanctions. The declaration in support of the motion incorporates the letter of July 9, 1980. No opposition to the motion was filed by plaintiffs.

Plaintiffs' counsel appeared at the hearing and opposed the motion. His argument in opposition was based solely on defendants' asserted failure to comply with rule 222.1, California Rules of Court, which provides: "A motion to compel answers or further answers to interrogatories or requests for admissions or to protect the responding party shall include a declaration stating facts to show that prior to the filing thereof counsel for the moving party made a reasonable attempt to resolve the objections and disputed issues with opposing counsel but the attempt was unsuccessful. If the court finds that there was no good reason for the refusal or failure to resolve the matter, it may order any persons at fault to pay to the moving party the amount of reasonable expenses incurred in making the motion including reasonable attorney's fees."

At the hearing plaintiffs' counsel pointed out to the court that the July 9 letter from defendants "Does not raise any question. [It] does not ask if I have any objections. . . . [¶] . . . [T]he motion to compel is fatally defective because [of] the failure to comply with 222.1."

The trial court denied defendants' motions citing as its reason defendants' failure to comply with rule 222.1, California Rules of Court.

In these proceedings, as in the trial court, plaintiffs characterize defendants' motion to compel answers as defective in that it "makes no reference to facts which would show that prior to filing of the motion, counsel for the moving party made a reasonable attempt to resolve the objections and disputed issues with opposing counsel and that the attempt was unsuccessful."

Plaintiffs formulation of rule 222.1 would permit objections to interrogatories to be interposed even after the answering party is in default for failure to respond within statutory time. ■ However, under the long standing interpretation of Code of Civil Procedure section 2030, subdivision (a), a party's failure to object to interrogatories within 30 days, or such additional time as extended by the court, constitutes a waiver of any right to object. (*Coy* v. *Superior Court* (1962) 58 Cal.2d 210, 216-217 [23 Cal.Rptr. 393, 373 P.2d 457, 9 A.L.R.3d 678]; Cal. Civil Discovery Practice (Cont.Ed.Bar 1975) § 8.32, pp. 352-353.) Plaintiffs' interpretation of rule 222.1, if adopted, would thus render it partially inconsistent with the controlling statute and to that extent, invalid as in excess of the Judicial Council's power to make rules for court practice and procedure "not inconsistent with statute." (Art. VI, § 6, Cal. Const.; 1 Witkin, Cal. Procedure (2d ed. 1970) Courts, §§ 129, 260, pp. 399-400, 509.) Plaintiffs' proposed application of rule 222.1 to these facts is manifestly incorrect.

Defendants argue that rule 222.1 does not apply to instances such as this where there has been a total failure to respond to interrogatories within the time prescribed by statute. We agree.

The rule expressly applies to motions to compel "answers" as well as "further answers." In either case the rule requires a reasonable attempt by the moving party "to resolve the objections and disputed issues with opposing counsel"; the burden of initiating these efforts is placed on the moving party. Compliance with the rule is prerequisite to a motion to compel where interrogatories have been responded to by way of answer and objection, or by answer alone, or by objection alone. Where response has been by answer and objection or by answer alone, a motion to compel *further answers* is conditioned upon compliance with the rule. Where response has been by objection alone, a motion to compel *answers* is likewise conditioned upon compliance with the rule. The existence of some response, whether in the form of objections or arguably incomplete answers, provides a basis for counsel to attempt to compose their differences.

If no response has been made to the interrogatories within the time permitted by Code of Civil Procedure section 2030, subdivision (a), the rule does not come into play, and compliance therewith is not prerequisite to a motion to compel answers. Where no objections have been made within the statutorily permitted time, they are deemed waived. There is thus nothing to "resolve" within the meaning of rule 222.1. Hence the only dispute presented by this record is raised by plaintiffs' seeming determination, contrary to a duty legally imposed, to frustrate defendants' lawful efforts to exercise discovery. Obviously that dispute must be resolved in defendants' favor. Accordingly, the trial court abused its discretion in denying the defendants' motion to compel answers.

This proceeding involves the interpretation of a recently adopted rule of court; the precise issue presented is one of first impression which is likely to arise repeatedly until put to rest. Therefore, this is a case in which review of a discovery order by prerogative writ is appropriate. (*Volkswagenwerk Aktiengesellschaft* v. *Superior Court* (1973) 33 Cal. App.3d 503, 508 [109 Cal.Rptr. 219].)

Application for the writ of mandate was made on due notice to the respondent court and the plaintiffs. Plaintiffs have filed a verified return thereto. This court is empowered in these circumstances to issue a peremptory writ in the first instance without issuance of an alternative writ (Code Civ. Proc., § 1088; *Central & West Basin Water etc. Dist.* v. *Wong* (1976) 55 Cal.App.3d 191, 196 [127 Cal.Rptr. 448]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165]).

Let a peremptory writ of mandate issue directing respondent court to vacate its order denying defendants' motion for an order compelling answers and for sanctions; respondent court is further directed to enter its order granting defendants' motion to compel answers and to take such further proceedings as are required by law in respect to defendants' motion to impose sanctions.

Paras, J., and Carr, J., concurred.