[Civ. No. 30085. Fourth Dist., Div. Three. May 6, 1983.]

GREG A. MANNINO, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
SOUTHERN CALIFORNIA EDISON COMPANY, Real Party in Interest.

**COUNSEL**

Hews, Munoz & Howard and William J. Howard for Petitioner.

No appearance for Respondent.

Chase, Rotchford, Drukker & Bogust, Roger J. Broderick, Toni Rae Bruno and Clay Robbins III for Real Party in Interest.

**OPINION**

**CROSBY, Acting P. J.**—Petitioner Mannino seeks review of the denial without prejudice of his motion to compel Southern California Edison Company (Edison) to answer his sixth set of interrogatories without objection and his request for sanctions.

Mannino's personal injury action was scheduled for trial on February 7, 1983. On September 21, 1982, he propounded a set of 190 interrogatories. At Edison's request, on October 18, 1982, Mannino's counsel granted an extension to November 24, 1982, to respond. A verified response was finally served on November 30, 1982; it included objections to 151 of the 190 questions. The objections claimed the questions were vague and ambiguous, the answers would be remote and irrelevant, and the effort required to answer overly

burdensome. Mannino's attempt to resolve the matter per California Rules of Court, rule 222.1 was unsuccessful; and his motion to compel further answers without objection and for sanctions was heard and denied without prejudice on December 28, 1982, only five weeks before trial. The court apparently thought petitioner should tailor the questions to meet Edison's objections, but no waiver of the ban against discovery within thirty days of trial was requested or ordered. (Cal. Rules of Court, rule 222.) We issued an alternative writ of mandate and stayed the trial to review the superior court's action.

■ Ordinarily, a party who fails to respond to interrogatories within the 30-day period, or any extension or enlargement of time, waives the right to interpose objections. (*Leach* v. *Superior Court* (1980) 111 Cal.App.3d 902, 906 [169 Cal.Rptr. 42].) Belated objections are not valid unless the defaulting party demonstrates good cause to grant relief from default. (*Deyo* v. *Kilbourne* (1978) 84 Cal.App.3d 771, 785 [149 Cal.Rptr. 499].) The burden is on the defaulting party to seek and justify relief. (*West Pico Furniture Co.* v. *Superior Court* (1961) 56 Cal.2d 407 [86 Cal.Rptr. 793, 469 P.2d 665].)

■ Edison did not seek relief from default but merely submitted a declaration in opposition to petitioner's motion in which counsel explained that his office did not receive an executed verification until five days after the extended deadline. Absolutely no facts are set forth detailing what, if any, efforts were made to obtain a timely verification. In Edison's response to the motion and at oral argument counsel claimed the Thanksgiving holiday mails delayed the arrival of the verification.[1] We note, however, that counsel's office is in Los Angeles, and the verification was executed in nearby Rosemead. Edison's counsel could have easily arranged a substituted verification by messenger, but did not.

Moreover, the objections of Edison are based on relevancy, remoteness, vagueness, ambiguity and the claim that the interrogatories are too burdensome. It does not require more than 60 days to raise these familiar complaints. The most that can be said is the delay has been *somewhat* explained. It has not been excused.

We are reluctant to interfere with a trial court's broad discretion to regulate discovery; after all, the delay was short in this case, and it *was* the sixth set of interrogatories propounded to Edison. We are also aware the discovery process is subject to frequent abuse and, like a cancerous growth, can destroy a meritorious cause or defense when the party with the greater resources chooses to employ it in an unethical manner (although this is hardly the circumstance here). In sum, we would hesitate to disturb the superior court's acceptance of Edison's tenuous justification, were it not for the following.

---

[1] An excuse of first impression to our knowledge.

A showing of excusable neglect after counsel has *knowingly* allowed the time to respond to interrogatories to expire *must* include not only a reasonable excuse for the delay but also a reasonable explanation for the failure to seek a further extension from counsel or an enlargement of time from the court. Code of Civil Procedure section 2030, subdivision (a) specifically provides for the latter. The obvious purpose is to allow the court to resolve a timing issue, rather than leave it to the caprice of responding counsel. Since Edison offers nothing to excuse the failure to seek an extension or enlargement of time, there was no good cause to relieve the default. (*Deyo* v. *Kilbourne, supra,* 84 Cal.App.3d 771, 785); and the court should not have considered Edison's opposition on the merits. Consequently, it was an abuse of discretion to deny the motion to compel. (*Coy* v. *Superior Court* (1962) 58 Cal.2d 210 [23 Cal.Rptr. 393, 373 P.2d 457, 9 A.L.R.3d 678].)

Edison's reliance on *Zonver* v. *Superior Court* (1969) 270 Cal.App.2d 613 [76 Cal.Rptr. 10] is unavailing. *Zonver* merely stands for the proposition that the court can reach the merits where the response to a motion to compel would justify relief under Code of Civil Procedure section 473. (Accord, *Borse* v. *Superior Court* (1970) 7 Cal.App.3d 286, 289 [86 Cal.Rptr. 559].) *Zonver* and *Borse* do not disclose the respective showings made to justify relief, stating only in each case it was not an abuse of discretion to accept the explanation of the defaulting party. Our situation is different for the reasons stated above.

The matter of sanctions is for the superior court in the first instance. Since the motion to compel was denied, the question was never reached. It should be considered on remand.

Let a peremptory writ of mandate issue directing the superior court to vacate its order denying the motion and to enter a new order granting the motion to compel further answers without objection, to be served at least 30 days before commencement of trial, and to consider the request for sanctions. The alternative writ is discharged, and the previously ordered stay is vacated upon this order becoming final. Petitioner shall recover his costs in this proceeding.

Sonenshine, J., and Rickles, J.,* concurred.

The petition of real party in interest for a hearing by the Supreme Court was denied July 13, 1983.

---

*Assigned by the Chairperson of the Judicial Council.