[No. FOO2534. Fifth Dist., Aug. 10, 1983.]

RUSSELL C. SCHAFF, Petitioner, v.
THE SUPERIOR COURT OF MERCED COUNTY, Respondent;
CAREEN A. SCHAFF, Real Party in Interest.

COUNSEL

Allen, Ivey, Cornell & Mason and Dennis Cornell for Petitioner.

No appearance for Respondent.

Canelo, Hansen & Wilson and Charles Rayburn Wilson for Real Party in Interest.

OPINION

**THE COURT.***—Petitioner seeks a writ of mandate directing respondent court to grant his motion to compel production of documents.

*Before Brown (G. A.), P. J., Andreen, J., and Woolpert, J.

## FACTS

Petitioner (husband) is the respondent and real party (wife) is the petitioner in a marital dissolution proceeding pending before respondent court.

On February 7, 1983, husband served by mail upon wife a formal request to produce documents pursuant to Code of Civil Procedure[1] section 2031. The documents requested were all wills and other documents executed by wife between the date of marriage and date of separation intended to dispose of her estate upon death.

On March 10, 1983, husband filed a motion for an order compelling wife to produce the requested documents upon the ground that as of March 1, 1983, wife had failed to respond in any manner to his request.

Wife apparently filed opposition to the motion which included Attorney Charles Wilson's declaration under penalty of perjury stating that he sent a message on January 28, 1983, in reply to husband's letter request for wife's will, stating in relevant part: "As to a will, you will have to provide me authority for obtaining a copy of anyone's will under a dissolution. It is my understanding that this is a privileged document not subject to production or disclosure."

On March 31, 1983, a hearing was held upon husband's motion. Husband urged that wife had waived the privilege objection by failing to assert it within the time allowed by section 2031. Respondent court concluded the will was relevant, but refused to order it disclosed, apparently, because the court also concluded it was a private document.

## DISCUSSION

■ Wife 's claim of attorney-client privilege was not asserted within the time allowed by section 2031, subdivision (b) and, therefore, should not have been considered upon the motion to compel production of documents.

The rule is well-established that absent grounds for relief from default only objections made within the time allowed by section 2030 may be considered upon a motion to compel answers to interrogatories. (*Coy* v. *Superior Court* (1962) 58 Cal.2d 210, 216 [23 Cal.Rptr. 393, 373 P.2d 457, 9 A.L.R.3d 678]; *Leach* v. *Superior Court* (1980) 111 Cal.App.3d 902, 905 [169 Cal.Rptr. 42].)

---

[1]Unless otherwise indicated, future code references are to the Code of Civil Procedure.

Section 2031, subdivision (b) requires a verified written response to a request for production of documents stating any objections to such request within 20 days after service of the request. We cannot distinguish this requirement from the requirement of section 2030 that a verified response to interrogatories stating any objections thereto be made within 30 days. Since both statutes impose time limits for objections, the same sanction should exist for failure to object within the time prescribed by either statute.

Wife did not show adequate grounds for relief from default in failing to make timely objections to the request for production of documents. The January 28, 1983, message response to husband's apparently informal letter request for discovery cannot reasonably be relied upon as a response to the formal discovery request pursuant to section 2031 received over a week later. Section 2031 requires a written response subscribed under oath to a formal request for production. Anything which occurred before the formal request obviously was not a response to the formal request.

■ Confidential communications between a client and lawyer are privileged. (Evid. Code, § 954.) The phrase "confidential communication between client and lawyer" means information transmitted between a client and his lawyer in the course of that relationship and in confidence. (Evid. Code, § 952.)

■ It was wife's burden to prove that the documents sought by husband were information transmitted between her and her attorney in the course of that relationship or contained such information.[2] (Evid. Code, § 500; *Greyhound Corp.* v. *Superior Court* (1961) 56 Cal.2d 355, 398 [15 Cal.Rptr. 90, 364 P.2d 266].) Wife failed to sustain this burden. For all we know, wife wrote her own will without consulting an attorney. Therefore, wife failed to show that the documents sought by husband were privileged.[3]

Wife relies upon California Rules of Court, rule 203. However, rule 1225 applies to this case. In any event, respondent court did not exercise the discretion granted by rule 203, but rather, ruled upon the merits of the motion.

Respondent court exceeded its jurisdiction in denying husband's motion to compel production of documents. (See *Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 291 [109 P.2d 942, 132 A.L.R. 715].)

---

[2] If the proponent of the privilege proves a communication in the course of the lawyer-client relationship, it is presumed to be a confidential communication. (Evid. Code, § 917.)

[3] We express no opinion as to whether a will prepared by an attorney based upon confidential information received from his client is within the attorney-client privilege.

Let a peremptory writ of mandate issue directing the Superior Court of Merced County to vacate its order denying Russell Schaff's motion to compel production of documents entered in action Number 68791 on May 5, 1983, to enter a new order granting said motion, and to reconsider the request for attorney fees and costs upon the motion in light of the new order.

Russell C. Schaff shall recover his costs in this writ proceeding from Carreen A. Schaff. (See *Oksner* v. *Superior Court* (1964) 229 Cal.App.2d 672, 690-691 [40 Cal.Rptr. 621].)