[Civ. No. 60120. Second Dist., Div. Two. Sept. 18, 1980.]

WILLIAM W. MARTIN et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
K & K PROPERTIES, INC., et al., Real Parties in Interest.

COUNSEL

Noble, Campbell & Uhler and Stephen W. Holohan for Petitioners.

No appearance for Respondent.

Jay A. Woollacott and Dolman, Wolfe & Linden for Real Parties in Interest.

OPINION

**ROTH, P. J.**—Petitioners in this proceeding for an extraordinary writ are the named defendants in an action now pending in respondent court.[1] Plaintiffs in the pending action are K & K Properties, Inc., Wil-

[1] The action is styled K & K PROPERTIES, INC., WILLIAM EVERETT KANE, and BARBARA KELLY vs. WILLIAM W. MARTIN, LEGAL ACTION COMMITTEE FOR MARLIN INVESTMENTS, an unincorporated association, RICHARD L. NOBLE and DOE 1 through DOE 500, inclusive, No. C 279852 (pending action).

liam Everett Kane and Barbara Kelly and they are the real parties in interest (RPI's) in this proceeding.

RPI's seek punitive damages in connection with three of the causes of action alleged in the pending action and seek discovery of the assets of petitioners in connection therewith. Petitioners objected to questions 38 through 58 seeking disclosure of their income, assets and liabilities and sought and obtained a protective order, which they consider is insufficiently protective and by this proceeding petition this court to require respondent court to vacate its said order and issue a new one which will adequately protect their constitutional right of privacy. (Cal. Const., art. I, § 1.) We issued an alternative writ.

Petitioners concede the right of RPI's to the information sought by interrogatories 38 through 58 and are prepared to voluntarily produce subject to a concurrent appropriate protective order "in accordance with the guidelines set forth in *Richards* v. *Superior Court*, 86 Cal.App.3d 265, ( . . . 1978)" current financial statements embracing the sought for information.

Petitioners submitted a proposed protective order in pertinent part as follows: "B) That the financial statements shall remain under seal to be examined only by the Court, except that Plaintiffs, their counsel, and authorized representative of Plaintiffs' counsel, and no other person or persons, may examine said financial statements on the occasion of the occurrence of the first of: 1) the final judgment or dismissal of both of the following lawsuits which are respectively styled:

"a) WILLIAM W. MARTIN ET AL. v. BARBARA KELLY, WILLIAM E. KANE, K & K PROPERTIES, INC., ET AL., No. 76-92040 (JB) 'D' (Adversary Proceeding D), and b) GILBERT ROBINSON, TRUSTEE IN BANKRUPTCY v. K & K PROPERTIES, INC., ET AL., No. 76-02940 (JB) 'E' (Adversary Proceeding 'E') or 2) Sixty days in advance of the trial of this lawsuit." (Motion for Protective Order, p. 1 of motion, lines 9-25, exhibit D.)

Petitioners' motion for the protective order was heard on June 11, 1980. Upon conclusion of the hearing, respondent court announced: "Protective order granted *only* as follows:

1.  That the financial information relevant to the subject matter of a claim for punitive damages shall be sealed forthwith upon filing with the court, and

"2. That such information may be used only in connection with this litigation and may be disseminated only to the parties and/or counsel of record (or designees thereof), and

"3. Provided however no financial information has to be divulged by defendants prior to August 11, 1980."

The protective order submitted by petitioners has the complexion of and pragmatically requires RPI's to prove liability for punitive damages before its right to discovery is legally effective. This state has not yet adopted a rule calling for a bifurcated trial. In *Cobb* v. *Superior Court* (1979) 99 Cal.App.3d 543 [160 Cal.Rptr. 561], the court in a well reasoned opinion held only the bifurcation of trial can be avoided by a protective order so fashioned that the preservation of privacy right defined by *City of Carmel-by-the-Sea* v. *Young* (1970) 2 Cal.3d 259 [85 Cal.Rptr. 1, 466 P.2d 225, 37 A.L.R.3d 1313], may be preserved.

■ The protective order announced by respondent court, however, is not adequate.

The record at best shows a tenuous base for the pending action. The theory thereof is that various documents denominated "General Release Contracts" governing past relationships and dealings executed between the RPI's-plaintiffs, the petitioners-defendants, and approved by the bankruptcy court did not mean what they plainly said. It serves no useful purpose to detail the nature of the dealings between the parties to the pending action. It is sufficiently clear that nothing of probative value in the record other than allegation thereof supports the charges of fraud, oppression and malice made by RPI's in three of the causes of the pending action upon which the claim for punitive damages is grounded. It is not improbable that interrogatories 38 to 58, both inclusive, may be dictated primarily for tactical purposes.

In such circumstances we think the remarks of the court in *Richards* v. *Superior Court, supra*, 86 Cal.App.3d at page 271, are appropriate: "Discovery seeking financial information by reason of a claim for punitive damages is one classic instance of the manner in which civil discovery is used to achieve a litigation advantage never contemplated when the methodology was introduced into pretrial procedure. Causes of action for punitive damages have become very easy to allege. (See, e.g., *Neal* v. *Farmers Insurance Exchange* (1978) 21 Cal.3d 910. . . .)

Response to discovery seeking financial information places a severe burden on the responder. As a minimum, there is the time and expense necessary to the compilation of a complex mass of information unrelated to the substantive claim involved in the lawsuit and relevant only to the subject matter of a measure of damages which may never be awarded. In addition, there is usually the potential that untoward disclosure of the information obtained may in some way or other react adversely against the disclosing party for reasons totally unrelated to the lawsuit. The possibilities run all the way from greater exposure to the not so gentle solicitations of some charitable organizations to the possibility of damage to the discloser in the competitive business arena."

We hence conclude (as did the court in *Richards, supra*, 86 Cal. App.3d at p. 272) "that where a party is compelled in civil discovery to reveal financial information because the information is relevant to the subject matter of a claim for punitive damages, that party is, upon his motion, presumptively entitled to a protective order that the information need be revealed only to counsel for the discovering party or to counsel's representative, and that once so revealed, the information may be used only for the purposes of the lawsuit. The burden is upon the opposing party to establish a substantial reason why the order should be denied. That reason must be related to the lawsuit."

Let a peremptory writ of mandate issue requiring respondent court to vacate that portion of its order of June 11, 1980, which permits dissemination of petitioners' financial information and/or records to the real parties in interest, as distinguished from their counsel, and enter a new and different order limiting dissemination solely and only to counsel for real parties.

Fleming, J., and Compton, J., concurred.