[No. B020909. Second Dist., Div. Five. July 3, 1986.]

JACK D. RAWNSLEY, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
PIONEER THEATERS, LTD. et al., Real Parties in Interest.

---

**COUNSEL**

Breidenbach, Swainston, Crispo & Way, Steven J. Ruben, Rebecca J. Winthrop and Marilyn A. Monahan for Petitioner.

No appearance for Respondent.

Garfield, Tepper & Ashworth, Franklin R. Garfield and Scott J. Tepper for Real Parties in Interest.

---

**OPINION**

**EAGLESON, J.**—Petitioner seeks review of a discovery order denying in part his motion to compel production of documents and granting the motion of real parties (defendants) for relief pursuant to Code of Civil Procedure section 473. Defendants raised several objections to the requests, one of which was that they should be afforded the protection of Civil Code section 3295, which limits the pretrial discovery rights of a plaintiff seeking information about a defendant's financial condition for the purpose of assessing a claim for punitive damages. We hold that to the extent the respondent court sustained defendants' objections to the requests based upon Civil Code section 3295, the court abused its discretion.

Petitioner alleges that in 1980 he was solicited by William Fleischman to invest in a limited partnership called Pioneer Theaters, Ltd., which owned several drive-in theaters and derived the majority of its income from swap meets conducted at the theaters. Petitioner's $100,000 investment bought him a 5 percent interest in Pioneer Theaters, Ltd.

Approximately a year after he made his investment, petitioner was told by certain of the defendants that in order to maximize tax benefits, the Pioneer Theaters, Ltd. partnership was being dissolved and replaced by four new limited partnerships: Pioneer Investments, Ltd., Pioneer/Roadium, Ltd., Pioneer/Carson, Ltd., and Pioneer/Reche, Ltd. Petitioner's percentage in each of the new partnerships was to remain the same as it had been under the former partnership.

In his second amended complaint, petitioner alleges that defendants[1] siphoned profits from the limited partnerships, failed to distribute profits to the limited partners, and received excessive compensation for the management of the limited partnerships while misleading petitioner as to the amount of compensation. Petitioner's second amended complaint sets forth 10 causes of action, several of which, if proven, would give rise to a claim for punitive damages.[2]

Prior to the commencement of formal discovery, counsel for the parties met informally to determine the areas in which the parties had differences of opinion with respect to the discoverability of certain documents. Petitioner thereafter served requests for production of documents on Pioneer Theaters, Inc., W/F Investment, Inc., and the four limited partnerships. Defendants agreed to produce the documents with respect to the limited partnerships and some of the documents requested from the corporations. Production was supposed to take place on November 18, 1985, but defendants required a few extra days because not all of the documents had been assembled by the 18th. Defendants' counsel alleges that, having granted the extension, petitioner's counsel informed him that because the documents were not timely produced, defendants had waived their right to object to any of the requests.

Defendants did in fact object to some of the requests, prompting petitioner to bring a motion to compel production. Defendants opposed the motion to compel and also moved under Code of Civil Procedure section 473 for relief should the court determine that they had in fact waived their right to assert objections by failing to produce the requested documents within 20 days (Code Civ. Proc., § 2031, subd. (b)). The court below granted defendants' request for "relief from default" and we find no abuse of discretion in that ruling.

We do find, however, that the court abused its discretion in denying petitioner's motion to compel production of certain documents and sustaining the objections raised by defendants.

The documents in dispute here have been narrowed considerably due to the fact that defendants have produced some of the documents and stated

---

[1]Named as defendants were Fleischman and several other individual defendants, all four limited partnerships, and several corporations, including the two which are the real parties in interest herein. These two corporations, Pioneer Theaters, Inc. and W/F Investment, Inc., are referred to herein as defendants unless otherwise indicated.

[2]These causes of action are accounting, malfeasance, fraud, securities fraud, constructive trust, misappropriation, alter ego damages against defendants Fleischman, W/F Investment, Inc. and Pioneer Theaters, Inc., attorney malpractice against defendant Fleischman, breach of fiduciary duty, and violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) (18 U.S.C. §§ 1961-1968).

under penalty of perjury that they do not have any documents covered by certain of the requests. The list is nonetheless quite extensive: in addition to detailed financial information, the request seeks corporate records and correspondence or other written communications, any written agreements or contracts, and any employment or consultation contracts between W/F Investment, defendant Fleischman, Pioneer Theaters, Inc., and TDJ Pioneer Corporation, the general partner of Pioneer Theaters, Ltd. (one of the four limited partnerships).

As to certain of the requests, the court granted the motion to compel, ordering that defendants produce the requested documents "or file verified response[s] stating they don't have them." Defendants thereafter filed supplemental responses stating that the requested documents did not exist.

With respect to other requests, including those seeking detailed financial information, the court denied the requests, stating "objections sustained." Although the court did not specifically state which of defendants' objections it was sustaining, we can safely assume that the court's decision was in part based upon defendants' primary argument that their financial records were protected by Civil Code section 3295. Defendants' reliance upon this section is misplaced.

The rule that a plaintiff alleging a cause of action which supports a claim for punitive damages may by discovery obtain information concerning his adversary's financial status was established by *Coy* v. *Superior Court* (1962) 58 Cal.2d 210 [23 Cal.Rptr. 393, 373 P.2d 457, 9 A.L.R.3d 678]. This doctrine "was adopted in a flush of optimism that the new processes of pretrial discovery would enhance the determination of truth at trial and encourage settlement based upon true facts by removing the 'game element' from the litigation process." (*Richards* v. *Superior Court* (1978) 86 Cal.App.3d 265, 270 [150 Cal.Rptr. 77], citing *Greyhound Corp.* v. *Superior Court* (1961) 56 Cal.2d 355, 376 [15 Cal.Rptr. 90, 364 P.2d 266].) It soon became obvious, however, that such discovery had enhanced rather than removed the "game element" by creating a situation in which a plaintiff, merely by alleging a claim for punitive damages, could pressure a defendant into a settlement because of a desire to protect his financial privacy. (See Weil & Brown, Cal. Practice Guide—Civil Procedure Before Trial, § 8:44.) The courts responded to such abuses by creating certain procedural safeguards, such as protective orders limiting the dissemination and use of such financial information. (*Cobb* v. *Superior Court* (1979) 99 Cal.App.3d 543 [160 Cal.Rptr. 561]; *Richards* v. *Superior Court, supra,* 86 Cal.App.3d 265; see also *GT, Inc.* v. *Superior Court* (1984) 151 Cal.App.3d 748 [198 Cal.Rptr. 892]; *Moskowitz* v. *Superior Court* (1982)

137 Cal.App.3d 313 [187 Cal.Rptr. 4]; *Martin* v. *Superior Court* (1980) 110 Cal.App.3d 391 [167 Cal.Rptr. 811].)

The Legislature codified these various means of protection in Civil Code section 3295. Under that section, the plaintiff's right to pretrial discovery of the defendant's financial status is severely limited. It prevents "fishing expeditions" by a plaintiff by allowing the court to grant a protective order requiring the plaintiff to establish a prima facie right to recover punitive damages before any evidence of defendant's net worth may be introduced. Plaintiff may then require the defendant to identify documents which may be admissible (not merely relevant) and provide a list of witnesses who may be competent to testify about defendant's financial condition. Beyond that, no pretrial discovery is permitted without a court order, and such order can be granted only upon a finding that there is a "substantial probability that the plaintiff will prevail" on his punitive damages claim. (Weil & Brown, *supra,* §§ 8:45-8:48.)

■ These safeguards were designed to protect the defendant from a specific type of discovery abuse: a situation in which the plaintiff puts forth an easily alleged cause of action for punitive damages, thus requiring a defendant to expend the time and money "necessary to the compilation of a complex mass of information *unrelated to the substantive claim involved in the lawsuit and relevant only to the subject matter of a measure of damages which may never be awarded.*" (*Richards* v. *Superior Court, supra,* 86 Cal.App.3d at p. 271, italics added.)

■ Unlike the situation in which a plaintiff seeks to discover defendant's financial status solely for the purpose of assessing a punitive damages claim, the documents sought by petitioner here are fundamental to his case. He alleges that assets have been converted and diverted from the entities in which he has an interest to the individual defendants or to corporations which are the alter egos of the individual defendants. The only way petitioner can prove his case is to obtain defendants' financial records. ■ Where the only reason for seeking such financial information is to "give a tactical edge to the party who has obtained discovery of the information by allowing that party the benefit of pressure in settlement negotiations by threat or implication of disclosure," (*Richards, supra,* at p. 272), the party against whom the discovery is sought should be afforded the full benefit of Civil Code section 3295, including a protective order limiting access to such information. Where, however, "the financial information goes to the heart of the cause of action itself, a litigant should not be denied access so easily." (*GT, Inc.* v. *Superior Court, supra,* 151 Cal.App.3d at p. 754.)

■ In the present case, the court abused its discretion by denying the requests outright. For the reasons stated in this opinion, defendants' ob-

jections based upon Civil Code section 3295 were without merit. The objection that the information sought was "not relevant to the subject matter of the action and are not reasonably calculated to lead to the discovery of admissible evidence" does not even merit discussion.

To the extent that the court considered the requests to be "overbroad, unduly burdensome and impermissibly invasive," the court could have taken a closer look at the requests with an eye toward limiting discovery to those documents which are reasonably related to lead to admissible evidence of petitioner's substantive claims. If, as defendants claim, they would be required to "turn over their files to plaintiff," so be it.

■ As to defendants' objection that certain documents might be protected by the attorney-client privilege, the obvious and simple solution is to have such documents examined by the court in camera for a determination as to whether or not the privilege applies.

Let a peremptory writ of mandate issue directing the respondent court to vacate that portion of its order of April 8, 1986, denying in part the motion of plaintiff Jack D. Rawnsley for an order compelling production and inspection of documents with respect to defendants Pioneer Theaters, Inc. and W/F Investment, Inc., and reconsider plaintiff's motion in accordance with the views expressed in this opinion.

Ashby, Acting P. J., and Hastings, J., concurred.

A petition for a rehearing was denied July 24, 1986, and the petition of real parties in interest for review by the Supreme Court was denied October 15, 1986.