[Civ. No. 9221.   Fourth Dist., Div. Two.   October 4, 1968.]

KERNS CONSTRUCTION COMPANY, Petitioner, v. THE SUPERIOR COURT OF ORANGE COUNTY, Respondent; SOUTHERN COUNTIES GAS COMPANY, Real Party in Interest.

---

*Assigned by the Chairman of the Judicial Council.

Rutan & Tucker, Garvin F. Shallenberger and J. Nicholas Counter III for Petitioner.

No appearance for Respondent.

Rimel, Harvey & Helsing and Duffern H. Helsing for Real Party in Interest.

McCABE, P. J.—Petitioner Kerns Construction Company (Kerns) seeks a writ of mandamus directed to the Superior

Court, Orange County, ordering it to grant Kerns' motion to produce certain reports.

In an action by Dixon and Lidke for personal injuries resulting from an explosion on August 3, 1965, Southern Counties Gas Company (Gas Co.) was named as one of the defendants. Gas Co. cross-complained, naming as one of the cross-defendants, Kerns. During the taking of a deposition in February 1967, Mr. Reynolds, an employee of Gas Co. at the time of the accident and at the time of taking his deposition, testified he was a lead man in charge of a crew of at least two other men in construction and maintenance work for Gas Co. The attorneys for Kerns and other defendants and cross-defendants were present at the taking of this deposition. Mr. Reynolds testified he had prepared certain investigation and accident reports in connection with the accident which gave rise to the personal injury lawsuit. Mr. Reynolds was not named as a defendant or cross-defendant. From the record before us there is no indication that he could be held liable for the accident or properly be named as a defendant or cross-defendant. These written reports were prepared and submitted at various dates, commencing in August 1965 and continuing to and including May 1966. He testified as to certain facts he had reported to Gas Co., but stated that he had no memory of the matters testified to independent of the reports.

It was not claimed by the witness that a mere glance at the reports refreshed his memory to the point that he could testify as to material contained in them or on the facts found by his investigation. His testimony on this point is to the contrary for he had to read the reports in order to give the testimony. The record before us does not reflect what part of the testimony given by the witness was independent of any reference he made to the papers and documents. The record does reflect that the witness testified he could not have given testimony without such reference by him. Prior to the time when the deposition was taken, and in order to refresh his memory, he had reviewed his reports which he obtained from the attorney for Gas Co. Also, during the deposition, Mr. Reynolds "paged through the folder" containing various papers but referred only to his own reports. The reports were specifically identified and marked for identification by the reporter taking the deposition. Only when deposing counsel requested that the identified reports be appended to the deposition and copies be made available to counsel did the attorney for Gas Co. object on the ground of violation of the attorney-

client privilege and "it is a work product." From that portion of the reporter's transcript which is part of the record and taken at the deposition, it appears the reports marked for identification originally had been sent in an envelope by Mr. Reynolds through his supervisor, and the papers were marked as received upon certain specific dates by "Claims Department." Some of the reports were copies of the originals, which originals were in the possession of the attorney for Gas Co.

After passage of several months subsequent to the taking of the deposition, Kerns moved the court for an order pursuant to Evidence Code, section 771 (all further references are to provisions of the Evidence Code unless otherwise indicated), requiring Gas Co. to produce and permit it to inspect and copy the reports which had been identified. The motion specifically described and identified the papers and documents it desired to inspect and copy. This motion was resisted by Gas Co. on the same grounds as stated during the taking of the depositions. This motion was granted. Later, Gas Co. made a motion to have the court reconsider its ruling. Upon reconsideration, the trial judge vacated the previous order and ruled the papers and documents were privileged under the attorney-client privilege; that the privilege had not been waived and that subdivision (c), section 771, excused the production of the documents when so privileged.

The questions presented are: (1) Were the reports privileged either under the attorney-client relation or work product, and (2) if there was a privilege, was there a waiver?

Section 771 provides in pertinent part: "(a) Subject to subdivision (c), if a witness, either while testifying or prior thereto, uses a writing to refresh his memory with respect to any matter about which he testifies, such writing must be produced at the hearing at the request of an adverse party and, unless the writing is so produced, the testimony of the witness concerning such matter shall be stricken. . . . (c) Production of the writing is excused, and the testimony of the witness shall not be stricken, if the writing: (1) Is not in the possession or control of the witness or the party who produced his testimony concerning the matter; and (2) Was not reasonably procurable by such party through the use of the court's process or other available means."

The Gas Co. preliminarily argues that Kerns is the party who requested the deposition and, therefore, the "party who produced his [Reynolds] testimony" within the meaning

of subdivision (c) of section 771. Consequently, production of the writing is excused. This argument is without merit. Mr. Reynolds was called by Kerns under the provisions of section 776, which permits a party to examine an employee of an adverse witness. The fact that Kerns sought and was legally entitled to the testimony of the employee-witness under section 776 does not require the conclusion that it is the "party who produced his testimony" within the meaning of section 771. Section 776 restates the substance of Code of Civil Procedure, section 2055. The rule under section 2055 (repealed effective January 1, 1967), was that a party could examine an employee of an adverse party without making that employee-witness his own witness. (*Scott* v. *Del Monte Properties, Inc.*, 140 Cal.App.2d 756, 759-760 [295 P.2d 947, 56 A.L.R.2d 1101].) To follow the reasoning of Gas Co. would be to conclude that a witness called pursuant to section 776 could never be required to produce a writing used to refresh his memory since the party calling him would always be the party who produced his testimony. Kerns is an "adverse party to the Gas Co. within the meaning of section 771, subdivision (a), and in view of the legal relationship between cross-defendant Kerns and the cross-complainant Gas Co., the exception to subdivision (a) set forth in subdivision (c) of section 771 has no application.

■ As to the other issues delineated above, we hold the following facts to be controlling. The adverse witness, Reynolds, testified he could not have given the testimony he did give without reference to his reports, and that they were provided to him by the attorney for his employer-defendant and cross-complainant Gas Co. The witness had his reports, which he had previously prepared, in his possession at the time he testified and, additionally, made reference to them in order to answer questions propounded to him on the cross-examination. Having no independent memory from which he could answer the questions; having had the papers and documents produced by Gas Co.'s attorney for the benefit and use of the witness; having used them to give the testimony he did give, it would be unconscionable to prevent the adverse party from seeing and obtaining copies of them. We conclude there was a waiver of any privilege which may have existed.

There was no compelling reason why the Gas Co. had to provide the witness with the reports. Had they failed to do so, it is obvious the employee-witness could not and would not have been able to give relevant and material testimony. Once

having testified from the reports, premised exclusively on the information contained in the papers and documents, the Gas Co. cannot now claim privilege or work product to prevent the inspection.

The work product privilege delineated in Code of Civil Procedure, section 2016, differs from the attorney-client privilege set forth in division 8, Evidence Code. Although the intermixed language between these statutes might require resolution in some case arising in the future, it is not necessary to do so under the facts of the case at bench.

■ If, as claimed, the reports were privileged under the work product rule, the privilege rested with the attorney and was waived by the attorney when he produced the reports to the witness upon which to premise his testimony. The attorney cannot reveal his work product, allow a witness to testify therefrom and then claim work product privilege to prevent the opposing party from viewing the document from which he testified.

■ The Gas Co. required an immediate investigation by certain employees of any accident which might involve the company's gas at the scene of the accident. These employees were expressly directed to make such investigations and to place all findings and statements on specifically provided forms. A Gas Co. field representative, Claims Safety & Insurance Department, deposed that the sole purpose of such investigations and reports were for the use of the Gas Co.'s attorneys. The forms were titled: ''Southern Counties Gas Company Claim Investigation of Accident Involving Damage or Injury to the Public. Confidential. This Report is Made Out for the Use of the Company's Attorneys.'' Only one copy was to be made and the employee was so instructed. The employee was further instructed to complete the form in his own handwriting; not to make notes and transfer anything from the notes to the report form. These reports are routed to the Claims Department but in the event of litigation, they are routed to the Gas Co.'s attorney. The field representative stated these reports are made in the ordinary course of business. The statement of the field representative that no copies were made, must be construed to mean that no copies were to be made by the employee, for the attorney for the Gas Co., at the time the deposition was being taken, stated that some of the reports referred to by the witness were copies and the originals were in the files of the Gas Co.'s attorneys. The

identity of the person making the copies is not revealed in the record before us.

Gas Co. properly cites *D. I. Chadbourne, Inc.* v. *Superior Court,* 60 Cal.2d 723 [36 Cal.Rptr. 468, 388 P.2d 700], on the attorney-client privilege rule. ■ Gas Co., a corporation, is entitled to the attorney-client privilege as a natural person is entitled to it. (*D. I. Chadbourne, Inc.* v. *Superior Court, supra*; Simon, *The Attorney-Client Privilege as Applied to Corporations* (1956) 65 Yale L.J. 953.) This does not resolve the legal issue before us for, as stated in *Chadbourne,* the relations to the corporation of the person whose testimony is sought may not carry the protection of the privilege.

■■ Under the facts of the case at bench, the following quoted distinctions made in *Chadbourne* are controlling on the issue of attorney-client privilege: (p. 737.) ''4. Where the employee's connection with the matter grows out of his employment to the extent that his report or statement is required in the ordinary course of the corporation's business, the employee is no longer an independent witness, and his statement or report is that of the employer; 5. If, in the case of the employee last mentioned, the employer requires (by standing rule or otherwise) that the employee make a report, the privilege of that report is to be determined by the employer's purpose in requiring the same; that is to say, if the employer directs the making of the report for confidential transmittal to its attorney, the communication may be privileged; . . .''

■ The trial judge's determination that the reports were privileged under the attorney-client privilege rule was correct. However, the facts in the case at bench require further analysis in that this pronouncement is not dispositive of the conflict between a liberal interpretation required under our rules of discovery (*Greyhound Corp.* v. *Superior Court,* 56 Cal.2d 355, 378 [15 Cal.Rptr. 90, 364 P.2d 266]; *Carlson* v. *Superior Court,* 56 Cal.2d 431, 437 [15 Cal.Rptr. 132, 364 P.2d 308]), and the liberal construction in favor of the exercise of the attorney-client privilege. (Cf. *City & County of San Francisco* v. *Superior Court,* 37 Cal.2d 227, 234 [231 P.2d 26, 25 A.L.R.2d 1418]; *Holm* v. *Superior Court,* 42 Cal.2d 500, 506 [267 P.2d 1025, 268 P.2d 722]; Witkin, Evidence (2d ed. 1966) § 795, pp. 740-741.) Nor does it decide whether the privilege was waived.

Section 912, Evidence Code, provides in pertinent part as follows: ''(a) Except as otherwise provided in this section, the right of any person to claim a privilege provided by sec-

tion 954 (lawyer-client privilege) . . . is waived with respect to a communication protected by such privilege, if any holder of the privilege, without coercion, has disclosed a significant part of the communication or has consented to such disclosure made by anyone. Consent to disclosure is manifested by any statement or other conduct of the holder of the privilege indicating his consent to the disclosure, including his failure to claim the privilege in any proceeding in which he has the legal standing and opportunity to claim the privilege.''

In the case at bench the privilege rested in the Gas Co.

Cross-complainant Gas Co. had knowledge that the deposition of its employee, Mr. Reynolds, was to be taken and had the knowledge that Mr. Reynolds had prepared and made the single copy reports. It had the right and opportunity to be present at the taking of that deposition. The record before us contains no evidence that it was coerced into revelation of the reports. The fact the cross-complainant was a corporation cannot vary its legal position or status. It could have had present at the deposition a person who could speak for the corporation. The only person present at the deposition and who represented the corporation was Gas Co.'s attorney.

Under the provisions of Evidence Code, section 955, the attorney who received the communication which is the subject of the attorney-client privilege ''shall claim the privilege whenever he is present when the communication is sought to be disclosed and is authorized to claim the privilege under subdivision (c) of section 954.''

Thus, by this provision of our statutes, the rule that the one holding the privilege must assert it is changed to require the attorney representing the holder of the privilege to assert it.

But at what point in the proceedings must there be an assertion? It is argued that the Gas Co.'s attorney asserted the privilege at the moment when demand was made for a revelation of the reports, thus the mandate of the statute was satisfied. By this postulation, Gas Co.'s legal position is: Though a witness who could not testify without reference to the privileged reports furnished to him to refresh his memory, and who gives testimony which involves the contents, but does not read verbatim from them, the holder of the privilege may assert the attorney-client privilege when the request is made to produce the physical document.

When, with knowledge of their intended use, the privileged records were furnished to the witness, which act was not required to be performed, and the witness gave testimony

414

from them, the privilege was waived. The claim of privilege should have been made at the point when the questions were propounded to the witness which required of the witness a recitation of the material or some of the material contained in the reports. It would be unconscionable to allow a rule of evidence that a witness can testify to material contained in a report, though not verbatim, and then prevent a disclosure of the reports. As is stated in 8 Wigmore, Evidence, section 2327 (McNaughton rev. 1961), "There is always also the objective consideration that when his [holder of the privilege] conduct touches a certain point of disclosure, fairness requires that his privilege shall cease whether he intended that result or not. He cannot be allowed, after disclosing as much as he pleases, to withhold the remainder. He may elect to withhold or to disclose, but after a certain point, his election must remain final."

Let a writ of mandamus issue.

Kerrigan, J., and Tamura, J., concurred.