[Civ. No. 38043. First Dist., Div. Two. Jan. 29, 1976.]

PAYLESS DRUG STORES, INC., Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
MARGARET SABIDO, Real Party in Interest.

**Counsel**

John Hardy and Morrill Dunn III for Petitioner.

No appearance for Respondent.

Loube & Lewis and Richard A. Goodman for Real Party in Interest.

**Opinion**

**ROUSE, J.**—Petitioner, a corporate employer, seeks prohibition to prevent respondent court from enforcing its order issued November 5, 1975, which granted real party's motion to compel production of an accident report prepared by an employee of petitioner. ▮ We may properly entertain a petition for extraordinary relief when, as here, the petitioning party asserts that to compel production would violate a privilege. (*Sav-On Drugs, Inc.* v. *Superior Court* (1975) 15 Cal.3d 1, 5 [123 Cal.Rptr. 283, 538 P.2d 739].)

The record shows that on October 7, 1975, real party plaintiff noticed a motion to compel production of accident reports dated February 16, 1974 and April 4, 1974, prepared by petitioner's employees after a slip and fall accident. A declaration by real party's attorney declared that the reports in question "contain and constitute relevant evidence in that they

will establish the time of the accident, the time the salad oil was cleared away, the identity of the person clearing up the salad oil and the identity of any witnesses known to defendant."

Petitioner opposed the motion, asserting that the reports were privileged under the attorney-client privilege. In support of its opposition, petitioner attached declarations of its attorney, its administrative vice president and its corporate secretary (who was custodian of corporate documents), and of the claims manager for Harbor Insurance Company, insurance carrier for petitioner at the time of the accident.

Petitioner's attorney declared that the accident reports were prepared on preprinted forms which were supplied by Harbor Insurance Company to petitioner and that the reports were contained in materials forwarded by the insurance carrier to his law office on May 18, 1974, when the defense of the lawsuit was assigned to that office.

The declaration of the custodian of petitioner's corporate documents confirmed the existence of two accident reports: the first, in longhand, dated February 16, 1974, completed by James Haughy in the course and scope of his employment on the managerial staff of Store No. 22; and the second, dated April 4, 1974, a typewritten transcription of the longhand report by Mr. Haughy signed by Joel Sitz, manager of Store No. 22. The custodian's declaration stated that "These accident reports are required by PAY LESS to be made out by PAY LESS management employees following any accident in a given PAY LESS store. *The reports are intended by* PAY LESS *and its managerial employees to be confidential.* The reports are made to our liability insurance company, intended for the information and assistance of our attorney in defending PAY LESS and its employees. Our liability insurance policy requires the insurance company to defend PAY LESS and its employees and to provide an attorney." (Italics added.)

The declaration of the claims manager of the insurance carrier states: "Harbor Insurance Company, through its agents, including myself, has advised PAY LESS that such reports are to be made in cases where accidents are claimed to have occurred. *The reports are required by Harbor and by* PAY LESS, *and intended to be confidential, for transmission to, and use by, attorneys for* PAY LESS *in litigation arising out of said claims.*" (Italics added.)

After a hearing on October 16, 1975, the court issued its order granting the motion to compel production of the accident report made by Payless employees on or about February 16, 1974.

The leading case in the field of corporate privilege is *D. I. Chadbourne, Inc. v. Superior Court* (1964) 60 Cal.2d 723 [36 Cal.Rptr. 468, 388 P.2d 700]. We have reviewed the declarations submitted in support of and in opposition to the motion in accordance with the guidelines set forth at page 729 of *Chadbourne.*

■ It appears from the declarations submitted by petitioner that the insurance carrier required reports of petitioner corporate employer in cases in which accidents were claimed to have occurred; that both the insurance carrier and petitioner intended the reports to be confidential for transmission to and use by attorneys defending petitioner in litigation arising out of such claims; that the reports were transmitted by the insurance carrier to the attorney for petitioner for his use in defending litigation arising out of this claim.

Evidence to the effect that the report in question was prepared by an employee of the corporate employer on the date of the accident on a preprinted form furnished by the insurance carrier headed "Public Liability Accident—Report Every Accident Immediately to Harbor Insurance Company" is sufficient to establish the dominant purpose. No other purpose was shown. Although the report was not labeled "confidential," as was the report in *Sierra Vista Hospital v. Superior Court* (1967) 248 Cal.App.2d 359 [56 Cal.Rptr. 387], *Chadbourne* establishes that when a corporate employer directs the employee, at the request of the insurance carrier, to make such a report, the intent of the employer controls. (*D. I. Chadbourne, Inc. v. Superior Court, supra,* at pp. 737-738.) That intent was established by the declaration of petitioner's custodian of records, who declared that "The reports are intended by PAY LESS and its managerial employees to be confidential."

Since the privilege appears, as a matter of law, from the undisputed facts set forth in petitioner's declarations, we conclude that a writ of prohibition should issue.

Let a writ of prohibition issue as prayed for in this petition.

Taylor, P. J., and Kane, J., concurred.