[No. B108201. Second Dist., Div. Seven. Nov. 19. 1997.]

GREGORY MARTIN, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
HUGHES AIRCRAFT COMPANY et al., Respondents.

COUNSEL

Elliot S. Berkowitz and Sheldon S. Cohen for Petitioner.

Cohen & Gannam, Philip Gannam, Greines, Martin, Stein & Richland, Martin Stein and Shelia S. Kato for Respondents.

OPINION

WOODS, J.—This court granted this petition to review a decision of respondent Workers' Compensation Appeals Board (WCAB) issued after

this court's prior "order and alternative writ of mandate." The WCAB found that employee statements elicited during the investigation of petitioner Gregory Martin's workers' compensation claims were protected from discovery by the attorney-client privilege. We annul and remand.

### FACTUAL AND PROCEDURAL SYNOPSIS

Martin filed workers' compensation claims alleging continuous trauma to his psyche, multiple sclerosis and other orthopedic parts of his body as a result of stress and strain while employed at real party in interest Hughes Aircraft Company (Hughes).

On July 12, 1993, real party in interest Helmsman Management Services (Helmsman), Hughes's claims administrator, denied Martin's claims based on the medical report of Dr. Theodore Blatt and an investigation at Hughes requested by its counsel and performed by an outside agency, Zwein-Hines Adjusters.[1]

On September 20, 1994, Martin requested that Hughes provide a copy of the investigation referred to in the denial letter. Hughes responded by alleging that the requested information did not have to be produced as it was protected by the attorney-client and work product privileges.

On October 11, Martin requested the factual and legal basis for the privileges claimed, citing a WCAB panel decision, *Moreno* v. *City of Los Angeles* (1992) VNO 237156, 21 Cal. Workers' Comp. Rptr. 108, as authority for the proposition that investigation was not protected. Hughes cited case law for the proposition the report was privileged.

On October 20, Martin requested that Hughes respond to certain preliminary questions.

On October 26, Hughes argued that the *Moreno* decision dealt with work product and not the attorney-client privilege and refused to answer the preliminary questions.

On November 2, 1995, the compensation issues were set for trial before a workers' compensation judge (WCJ). Martin requested that the WCJ issue an order to compel production of all documents referenced in the July 1993 denial letter.

Due to another matter that had priority, the matter was continued for trial on March 15, 1996. A special conference regarding the discovery issue was

---

[1]The investigation included witness statements of Martin's co-employees and supervisors.

held in the WCJ's chambers on November 13, 1995. No court reporter was present. According to real parties in interest, the WCJ stated he did not have time to schedule an evidentiary hearing as to whether the witness statements were privileged, the parties essentially argued the law on the issue, and the WCJ found *Moreno* to be persuasive.

On November 14, Martin requested the WCJ to execute an order to produce the reports at issue.

On November 29, Hughes answered the preliminary questions and cited numerous cases for the proposition the reports were protected.

On December 7, the WCJ issued an order re discovery providing that Hughes was to disclose only those statements of individuals who would be called as witnesses at the hearing. After Martin objected to the order (citing *Moreno* and another WCAB decision), the WCJ issued another order indicating that all statements were to be disclosed whether or not the employees would be called as witnesses at the hearing.

On January 4, 1996, Hughes filed a petition for removal to the WCAB. The WCJ issued his report and recommendation on the petition for removal, and the WCAB denied the petition, but did not discuss the merits of Hughes's arguments, stating only that good cause for removal had not been demonstrated.

On March 28, Hughes filed a petition for writ of prohibition in this court essentially arguing the attorney-client privilege was inviolate and the WCAB should have discussed the privilege issue on the merits. Three accompanying declarations stated that the investigation and statements of potential witnesses had been requested by defense counsel through the claims administrator directly to the employer. The intent of the investigation was to obtain information that would allow for the evaluation of claims in anticipation of and preparation for litigation. The statements were held in confidence and transmitted by the outside investigator only to the employer, the third party administrator and defense counsel. The results were not submitted to any third person, including the physicians who examined Martin.

In Martin's answer, among other things, he argued Hughes had erroneously raised new arguments and submitted new posthearing evidence (i.e., the three declarations) in the petition. In response, Hughes argued there had been no opportunity to present evidence at the chambers conference and that the declarants had previously been identified and were known to Martin.

On June 13, this court issued an order and alternative writ of mandate, ordering the WCAB to vacate its order denying the petition for removal and

to make a new and different order and determine whether the witness statements were protected from discovery by the attorney-client privilege under *D. I. Chadbourne, Inc.* v. *Superior Court* (1964) 60 Cal.2d 723 [36 Cal.Rptr. 468, 388 P.2d 700] or, in the alternative, to show cause why a preemptory writ of mandate requiring that disposition should not issue.

On August 20, the WCAB issued its opinion and order, rescinding the order denying removal, granting removal and decision after removal. The WCAB concluded that on the present record, the requested information appeared to be subject to the attorney-client privilege as the employer was involved in the procurement and confidential transmission of the employee witness statements and that the intent was that those statements be held in confidence for the sole use of counsel and there would be no disclosure to any third person. The WCAB stated that as the declarations had not been submitted before, due process required that Martin have the opportunity to cross-examine the declarants and/or present rebuttal evidence, but if he failed to do so, it would find the statements were privileged. The WCAB returned the matter to the WCJ.

On September 11, Martin filed a petition for reconsideration by the WCAB, arguing that the WCAB's order was in error as the board had considered posthearing declarations and that the witness statements were not protected.

On November 6, this court discharged the alternate writ and dismissed the writ of mandate.

On November 12, the WCAB issued its opinion and order denying reconsideration, explaining that even though Martin had raised the same due process arguments about the declarations in court, this court had directed it to consider the merits of the privilege claim and that it had allowed him the opportunity to cross-examine the declarants. The WCAB noted that it did not appear there had been a hearing on the privilege issue such that Labor Code section 5903, subdivision (d) (pertaining to newly discovered evidence) was applicable and also stated that it had fully discussed the relevant *Chadbourne* principles in its remand order.

On December 23, Martin filed a petition for a writ of review, alleging the WCAB exceeded its powers and jurisdiction in this matter. This court issued the writ of review.

### DISCUSSION

Martin contends that the WCAB (1) misinterpreted this court's prior order and alternative writ, (2) erred by reversing a factual determination of the

WCJ based solely upon posthearing declarations not meeting the criteria for newly discovered evidence and failing to explain why it did not uphold the finding of the WCJ, and (3) erred by finding that the investigation report is protected by the attorney-client privilege.

## I. *Procedural Issues*

In our prior order, we ordered the WCAB to "make a new and different order determining whether defendant's witnesses' statements are protected from discovery by the attorney-client privilege." The WCAB did so. As discussed herein, the WCAB did not misinterpret our order by considering the three declarations.

Martin's argument the WCAB erroneously reversed factual findings of the WCJ is based on his assumption the WCJ made factual findings after the November 13 conference. Martin claims Hughes failed/refused to introduce evidence at the November 13 conference after notice and the opportunity to be heard and that the WCJ issued an order based on Hughes's failure to present evidence. In turn, Hughes claims the WCJ stated he did not have time to schedule an evidentiary hearing and instead heard argument about applicable legal authority pertaining to the privilege.

In response to the petition for removal, the WCJ reasoned: "In the case at hand the defendant has taken the position, yes we have statements from seven potential witnesses and if the Applicant's Attorney wants to know what they said, let him take their depositions. If the information sought was really privileged, the defendant would not be so amenable to having the information released through any means. It appears as though the defendants are attempting to punish the other side by having them take unnecessary depositions which will only add to the costs and time of the process." The WCJ also stated his belief: "Applicant's counsel is entitled to the statements of all witnesses the defendants originally planned on calling and not just the witnesses the defendants have decided would best serve their own purposes. The Applicant's Attorney is entitled to have the same picture before him as does the defense attorney." These statements do not support Martin's position the WCJ made factual findings; rather, they show the WCJ ruled as a matter of law that the employee statements were not privileged.

In various documents and briefs, the parties referred to the November 13 conference as an informal conference. When the issue of the consideration of the declarations was raised before the WCAB, it noted the November 13 hearing was not the type contemplated by the Labor Code. Moreover, the WCAB noted that the WCJ had not considered all the relevant principles set forth in *Chadbourne*.

Accordingly, we conclude the record before this court indicates the WCJ did not hold an evidentiary hearing nor make factual findings such that the WCAB's consideration of the declarations was improper. Furthermore, the WCAB's decision is a detailed explanation of why it did not uphold the WCJ.

## II. *Attorney-client Privilege*

When this court ordered the WCAB to determine whether the witness statements requested by Martin were privileged, we referred the board to *D. I. Chadbourne, Inc.* v. *Superior Court, supra,* 60 Cal.2d 723, which sets out the following basic principles:

"1. When the employee of a defendant corporation is also a defendant in his own right (or is a person who may be charged with liability), his statement regarding the facts with which he or his employer may be charged, obtained by a representative of the employer and delivered to an attorney who represents (or will represent) either or both of them, is entitled to the attorney-client privilege on the same basis as it would be entitled thereto if the employer-employee relationship did not exist;

"2. When such an employee is not a codefendant (or person who may be charged with liability), his communication should not be so privileged unless, under all of the circumstances of the case, he is the natural person to be speaking for the corporation; that is to say, that the privilege will not attach in such case unless the communication constitutes information which emanates from the corporation (as distinct from the nonlitigant employee), and the communicating employee is such a person who would ordinarily be utilized for communication to the corporation's attorney;

"3. When an employee has been a witness to matters which require communication to the corporate employer's attorney, and the employee has no connection with those matters other than as a witness, he is an independent witness; and the fact that the employer requires him to make a statement for transmittal to the latter's attorney does not alter his status or make his statement subject to the attorney-client privilege;

"4. Where the employee's connection with the matter grows out of his employment to the extent that his report or statement is required in the ordinary course of the corporation's business, the employee is no longer an independent witness, and his statement or report is that of the employer;

"5. If, in the case of the employee last mentioned, the employer requires (by standing rule or otherwise) that the employee make a report, the privilege of that report is to be determined by the employer's purpose in requiring

the same; that is to say, if the employer directs the making of the report for confidential transmittal to its attorney, the communication may be privileged;

"6. When the corporate employer has more than one purpose in directing such an employee to make such report or statement, the dominant purpose will control, unless the secondary use is such that confidentiality has been waived;

"7. If otherwise privileged under the rules stated above, a communication does not lose its privilege merely because it was obtained, with the knowledge and consent of the employer, by an agent of the employer acting under such agency;

"8. For such purpose an insurance company with which the employer carries indemnity insurance, and its duly appointed agents, are agents of the employer corporation; but the extent to which this doctrine may be carried, and the number of hands through which the communication may travel without losing confidentiality must always depend on reason and the particular facts of the case;

"9. And in all corporate employer-employee situations it must be borne in mind that it is the intent of the person from whom the information emanates that originally governs its confidentiality (and hence its privilege); thus where the employee who has not been expressly directed by his employer to make a statement, does not know that his statement is sought on a confidential basis (or knowing that fact does not intend it to be confidential), the intent of the party receiving and transmitting that statement cannot control the question of privilege;

"10. Similarly, where the corporate employer directs the employee, at the request of its insurance carrier, to make such a statement, the intent of the employer controls; and unless the insurance carrier (or its agent) has advised the employer that the employee's statement is to be obtained and used in such manner, it cannot be said that the corporation intended the statement to be made as a confidential communication from client to attorney;

"11. Finally, no greater liberality should be applied to the facts which determine privilege in the case of a corporation than would be applied in the case of a natural person (or association of persons), except as may be necessary to allow the corporation to speak." (60 Cal.2d at pp. 736-738.)

As can be seen from a reading of *Chadbourne*, there are many factors to be considered in the determination of whether a particular employee statement is privileged. ▮ Generally, that determination is for the trial court

in the first instance. (*Holm* v. *Superior Court* (1954) 42 Cal.2d 500, 507 [267 P.2d 1025], disapproved on another point in *Suezaki* v. *Superior Court* (1962) 58 Cal.2d 166, 176 [23 Cal.Rptr. 368, 373 P.2d 432, 95 A.L.R.2d 1073].) Not all employee statements are protected by the attorney-client privilege. (See, e.g., *D. I. Chadbourne, Inc.* v. *Superior Court, supra,* 60 Cal.2d 723, 729-731; *Greyhound Corp.* v. *Superior Court* (1961) 56 Cal.2d 355, 397 [15 Cal.Rptr. 90, 364 P.2d 266]; *Holm* v. *Superior Court, supra,* 42 Cal.2d 500, 507; *Jessup* v. *Superior Court* (1957) 151 Cal.App.2d 102, 109-110 [311 P.2d 177]; see also Miller, *The Corporate Attorney-Client Privilege and the Work Product Doctrine: Protection from Compelled Disclosure in Criminal Investigation of a Corporation* (1978) 12 U.S.F. L.Rev. 569, 576-577, fn. 38 ["Mere witness statements from corporate employees, however, are not privileged."].) The privilege is strictly construed. (Cf. *City & County of S. F.* v. *Superior Court* (1951) 37 Cal.2d 227, 234 [231 P.2d 26, 25 A.L.R.2d 1418].)

■ In its opinion, the WCAB noted the statement of an independent employee-witness is not subject to the attorney-client privilege, but "where the employer directs the employee to make a statement or report and such is required by the employer in the ordinary course of the corporation's business (including, for example, upon request from the insurance carrier or other agent of the corporate employer) the employee's statement or report becomes that of the employer."

There are cases which seem to stand for the proposition that when employee statements are made in confidence for the sole purpose of litigation, then they are privileged. (See, e.g., *Soltani-Rastegar* v. *Superior Court* (1989) 208 Cal.App.3d 424, 426-428 [256 Cal.Rptr. 255] [Statements made to insurance claims representative for the sole purpose of defending against claims were within attorney-client privilege even though litigation had not been commenced and no attorney had been assigned.]; *Vela* v. *Superior Court* (1989) 208 Cal.App.3d 141, 148-151 [255 Cal.Rptr. 921] [statements obtained by city's special investigative team from police officers to protect city from future litigation covered by attorney-client privilege]; *Payless Drug Stores, Inc.* v. *Superior Court* (1976) 54 Cal.App.3d 988, 991 [127 Cal.Rptr. 4] [When a corporate employer directed an employee, at the request of its insurance carrier, to make an accident report, the intent of the employer controlled the confidentiality of the report.]; *Kerns Constr. Co.* v. *Superior Court* (1968) 266 Cal.App.2d 405, 411-414 [72 Cal.Rptr. 74] [investigative and accident reports by gas company employees privileged under facts there as reports were required in the ordinary course of business, but privilege had been waived]; *Sierra Vista Hospital* v. *Superior Court* (1967) 248 Cal.App.2d 359, 368-369 [56 Cal.Rptr. 387] [Where a hospital

administrator who prepared a report of an incident which might have resulted in litigation against the hospital intended the report be confidential and be transmitted to the hospital's attorney through its insurance carrier, such report was within the attorney-client privilege.].)

However those cases dealt with reports or, in *Soltani-Rastegar* and *Vela*, with statements by codefendants (defendants in a personal injury action and police officers involved in shooting incidents respectively). This case involves neither reports nor statements by codefendants. In the case at bar, the WCJ ordered Hughes to produce all witness statements "other than from persons who would ordinarily be utilized by the company for communication to the company's attorneys." Thus, *Chadbourne* rules 1 and 2 are not relevant.

*Chadbourne* rule 3 states that if an independent witness employee is required to make a statement for transmittal to the employer's attorney, the statement is not privileged. Rule 4 provides that if the statement is required "in the ordinary course of the corporation's business," the employee is no longer considered an independent witness and his statement is that of the employer. In the latter case, the employer's purpose in requiring the report (i.e., the dominant purpose rules, rules 5 through 8, come into play). One law review note mentions the conflict in those provisions. (Note (1965) 12 UCLA L.Rev. 637.)

One article described *Chadbourne* rules 3 and 4 as: (1) "If an employee is simply a witness to the occurrence of an incident, the simple fact that the employer requires him to make a statement to the corporation's attorney does not make the statement privileged"; and (2) "If the employee's statement is required in the ordinary course of the corporation's business and the employee's connection with the matter arises out of the scope of his or her employment, the employee is no longer an independent witness and the report is that of the employer." (Canter, *Attorney-Client Privilege and Attorney Work Product Doctrine as Applied to Corporations: Part One* (Cont.Ed.Bar 1993) 15 CEB Civ. Litig. Rptr. 261, 265.)

In analyzing whether the attorney-client privilege applies to corporations, federal courts, which use two tests to determine whether an employee's communication can be classified as the corporate client's communication, also looked to the scope of the employee's duties. (*Upjohn Co. v. United States* (1981) 449 U.S. 383, 394 [101 S.Ct. 677, 685, 66 L.Ed.2d 584] [employee communications privileged where it "concerned matters within the scope of the employees' corporate duties"]; *Diversified Industries, Inc. v. Meredith* (8th Cir. 1977) 572 F.2d 596, 608 [Employee communications are

privileged " 'where the employee makes the communication at the direction of his superiors in the corporation and where the subject matter upon which the attorney's advice is sought by the corporation and dealt with in the communication is the performance by the employee of the duties of his employment.' "].) As there was no showing here that the statements were related to the scope of employee duties, there was no showing the employees were no longer independent witnesses.

 " 'Knowledge which is not otherwise privileged does not become so merely by being communicated to an attorney. . . . While the privilege fully covers communications as such, it does not extend to subject matter otherwise unprivileged merely because that subject matter has been communicated to the attorney.' " (*Greyhound Corp.* v. *Superior Court, supra*, 56 Cal.2d 355, 397; see also *D. I. Chadbourne, Inc.* v. *Superior Court, supra*, 60 Cal.2d 723, 734 ["It is axiomatic that a litigant may not silence a witness by having him reveal his knowledge to the litigant's attorney."].)

*Chadbourne* recognized that since a corporation must speak through individuals one of the questions to be asked when determining whether the attorney-client privilege applies is: "What principles determine whether the natural person who speaks is speaking from the status of a client (actual or prospective), or is merely a witness whose unprivileged communication someone else is seeking to suppress under a claim of privilege?" (*D. I. Chadbourne, Inc.* v. *Superior Court, supra*, 60 Cal.2d 723, 732.)

 In the instant case, in ordering production of the statements, the WCJ referred to the constitutional mandate (Cal. Const., art. XIV, § 4) for an expeditious and inexpensive workers' compensation system. The WCJ reasoned the applicant was entitled to have the same picture before him as the defense did. The WCJ noted "the defendants have no objections to the Applicant's attorney obtaining the information they contend is privileged, if he would only take the action of scheduling each witness' deposition to obtain it." In conclusion, the WCJ stated: "That [a summary by the investigator of his conversations with the witnesses] is not privileged information but merely [an] attempt to *disguise* discoverable material as privileged." (Original italics.) We agree with the WCJ's reasoning.

Although the WCAB in *Moreno* considered the issue of whether witness statements were privileged work product, some of its observations are equally applicable to the issue of whether such statements are subject to the attorney-client privilege in workers' compensation cases. The WCAB quoted the judge: "In Workers' Compensation proceedings the [applicant's] attorney cannot afford to take the deposition of [defense] witnesses as there is no

provision for deposition fees of witnesses. In addition to hire an investigator to take their statements would again be expensive. Because of the limited [attorney] fees . . . it would be prohibitive to have applicant's counsel either take the deposition of the witnesses or hire an investigator to take [their] statements."[2] (*Moreno* v. *City of Los Angeles, supra,* VNO 237156, 21 Cal. Workers' Comp. Rptr. 108.)[3]

In *Moreno*, the WCAB upheld the judge's order requiring a defendant employer to give the applicant's attorney the witness statements. The WCAB reasoned: "Thus, denial of disclosure would unfairly prejudice applicant in the preparation of his case. It would be an injustice to require his attorney to try the case without any idea as to what the defense witnesses were going to say. In the context of [Lab. Code, § 5708's] mandate that the WCAB make inquiry in the manner best calculated to ascertain the substantial rights of the parties and to carry out the spirit of the compensation law, there is little or no prejudice to the defendant in requiring it to share the statements with applicant." (VNO 237156, 21 Cal. Wokers' Comp. Rptr. 108.)

■ "It is axiomatic that the privilege covers only those communications protected by statute. In that regard, Evidence Code section 952 requires that the transmission of information or advice must occur 'in the course of [the attorney-client] relationship.' The privilege protects only the disclosure of communications between attorney and client. It does not protect disclosure of the underlying facts which were communicated (*Upjohn Co.* v. *United States, supra,* 449 U.S. 383, 395-396 [66 L.Ed.2d at p. 595]; *Coy* v. *Superior Court* (1962) 58 Cal.2d 210, 219-220 [23 Cal.Rptr. 393, 373 P.2d 457, 9 A.L.R.3d 678]), and it does not extend to independent witnesses (*D. I. Chadbourne, Inc.* v. *Superior Court, supra,* 60 Cal.2d at p. 737; *Greyhound Corp.* v. *Superior Court* (1961) 56 Cal.2d 355, 399 [15 Cal.Rptr. 90, 364 P.2d 266]; *Grosslight* v. *Superior Court* (1977) 72 Cal.App.3d 502, 506 [140 Cal.Rptr. 278]; *People* v. *Lee* (1970) 3 Cal.App.3d 514, 527 [83 Cal.Rptr. 715]; 2 Witkin, Cal. Evidence [(3d ed. 1986)] § 1113, p. 1053.)" (*Triple A Machine Shop, Inc.* v. *State of California* (1989) 213 Cal.App.3d 131, 143 [261 Cal.Rptr. 493].)

In *Connolly Data Systems* v. *Victor Technologies, Inc.* (S.D.Cal. 1987) 114 F.R.D. 89, 94, the district court applied the rules of *Chadbourne* to the statements of a former employee, noting: "It [the corporation] has not

---

[2]Hughes argued to the WCJ and the WCAB that Labor Code section 5811 allows for the recovery of such fees as costs. In workers' compensation cases, reimbursement for depositions depends on the individual WCJ and is very unpredictable.

[3]Hughes claims *Moreno* is not citable because it is a panel decision. Panel decisions are persuasive authority. (See *Griffith* v. *Workers' Comp. Appeals Bd.* (1989) 209 Cal.App.3d 1260, 1263-1264 [257 Cal.Rptr. 813].)

established that Hanson was anything more than a witness to the matter that is involved in this litigation. Thus, *D.I. Chadbourne, Inc.*, principle No. 3 would apply, and the communication would not be privileged. [¶] Finally, *D.I. Chadbourne, Inc.*, principle No. 11 makes clear that the corporation should not have a greater privilege than a natural person, except as is necessary to allow the corporation to speak. Here, Victor Technologies, Inc., can speak without Hanson. Essentially, Hanson may have a better recollection of events than those presently in Victor's employ. Nevertheless, a natural person litigant cannot ask a witness who better remembers the events involved to speak to his or her attorney and then claim the conversation is protected from disclosure. To include Hanson's communication within the privilege would give the corporation an advantage over a natural person. *D.I. Chadbourne, Inc.*, principle No. 11 counsels against such an extension of the attorney-client privilege."

■ Hughes describes the issue raised by this writ petition as whether the attorney-client privilege protects witness statements from disclosure when the sole purpose for obtaining the statements was in preparation for litigation. The issue can be more appropriately phrased as whether an employer can make the unprivileged statement of an independent witness privileged when that statement is taken in anticipation of litigation, i.e., are witness statements made in the process of evaluating a case for litigation made in the "ordinary course of business."

We conclude that when an employee's only connection is as an independent witness, not as a codefendant or as the natural person to speak for the employer, such statements do not become privileged just because they are given for transmittal to the employer's attorney in preparation for litigation. When an employee is no more than a witness to an accident, his or her statement is not privileged even if it was taken in preparation for litigation, as an employer should not be allowed to silence witnesses when a natural person could not.

The only evidence considered by the WCAB in deciding the statements were privileged was the declarations. The declarations only establish that Hughes intended the statements to be confidential and that the statements were made at Hughes's direction solely for the purpose of litigation. Neither the WCJ nor the WCAB looked at the actual witness statements in this case. Although this case involved a stress-and-strain claim rather than an accident, even in the case of a stress claim, the facts known to the employee are not privileged.

The determination of whether the dominant purpose of a report was preparation for litigation rests with the trial court. (See, e.g., *Holm* v.

*Superior Court, supra*, 42 Cal.2d 500, 507; *Travelers Ins. Companies* v. *Superior Court* (1983) 143 Cal.App.3d 436, 447-452 [191 Cal.Rptr. 871].) Similarly, we conclude the determination of whether a particular employee statement was that of an independent witness, i.e., not related to the scope of the employee's duties, should also rest with the WCJ.

Accordingly, unless further declarations or other sufficient evidence is provided, it will be necessary for the WCJ to hold an evidentiary hearing, including, if necessary, an in camera review of the summaries of the statements,[4] to determine whether the statements were from independent witnesses. The titles of some of the employees suggest the employees might meet the requirements of rule 2. If Hughes wants to claim their statements are privileged on that basis, it must provide declarations establishing the employees fall within the parameters of rule 2. (See *D.I. Chadbourne, Inc.* v. *Superior Court, supra*, 60 Cal.2d 723, 729 [The party claiming the privilege has the burden of showing the evidence which it seeks to suppress is privileged.].)

### DISPOSITION

The WCAB's order finding the statements are privileged is annulled, and the matter is remanded to the WCAB to return it to the WCJ for further proceedings as indicated in this opinion.

Johnson, Acting P. J., and Neal, J., concurred.

---

[4]Hughes claims there were no recordings of the statements. The WCJ referred to statement summaries. To the extent those statements contain facts, they are discoverable. As in other discovery disputes, the WCJ can redact any privileged matter.